In re INTERBANK MORTGAGE
CORPORATION, Debtor.

Edward M. WALSH, Chapter 7
trustee, Plaintiff,

v.

CALIFORNIA COMMERCE
BANK, Defendant.

No. C 91 0350 SC.

United States District Court,
N.D. California.

March 22, 1991.

Thomas N. Makris, Rosenblum, Parish & Bacigalupi, San Francisco, Cal., for plaintiff.

Stephanie C. Tramz, Frandzel & Share, San Francisco, Cal., for defendant.

## ORDER RE MOTION TO WITHDRAW REFERENCE

CONTI, District Judge.

### I. Introduction

Defendant California Commerce Bank moves to withdraw the reference of the above-designated adversary proceeding to the Bankruptcy Court, so that this action will be conducted entirely before a District Court and not the Bankruptcy Court. The issue at the heart of this motion is one of first impression in the Ninth Circuit, namely, whether bankruptcy courts have been granted authority by Congress to conduct jury trials in core proceedings, and, if so, whether such a grant of power is constitutional. This court finds that Congress has implicitly granted bankruptcy courts the power to conduct jury trials in core matters, and that the grant is constitutional.

### II. Background

Chapter 7 Bankruptcy Trustee of IMC's bankruptcy estate, Edward M. Walsh ("Trustee"), the plaintiff in this case, alleges the following: On May 20, 1988, Interbank Mortgage Corporation ("IMC") established a warehouse line of credit ("the Credit Line") with defendant California Commerce Bank ("the Bank"). The Credit Line provided IMC with a revolving line of credit up to $1,500,000. J. Carter Witt, the controlling shareholder and member of the Board of Directors of IMC, and E. Brazil, president and shareholder of IMC, guaranteed the Credit Line for its full amount.

The Trustee further alleges that IMC had paid down the Credit Line entirely by the time it entered bankruptcy on November 10, 1988. Within one year of the filing of the bankruptcy petition, IMC made transfers of its property totalling $1,471,850 to the Bank. Within 90 days of the filing of the bankruptcy petition, IMC made transfers of its property aggregating $1,328,350 to the Bank. The trustee claims that both transfers constitute avoidable preferences to IMC.

The Trustee filed this adversary proceeding against the Bank in the United States Bankruptcy Court for the Northern District of California on December 11, 1990. The Bank asserts that it is entitled to have the complaint of the Trustee tried to a jury before an Article III judge of the United States District Court and not before the non-Article III tribunal of the Bankruptcy Court.

### III. Discussion

#### A. *Legislative Authorization*

Title 11 matters are generally referred to the bankruptcy judges of this District under 28 U.S.C. § 157(a) and Local Rule 700–2(a). Pursuant to 28 U.S.C. § 157(d), however, this court has discretion to withdraw such reference:

> (d) The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d). The Bank argues that the court should withdraw reference of the present action to the bankruptcy court.

The Trustee's action in this case is a suit to avoid a preference pursuant to section 547 of the Bankruptcy Code (Title 11). 28 U.S.C. § 157(b)(1) grants power to bankruptcy judges to hear and determine, *inter alia*, "all core proceedings arising under Title 11."

The parties do not dispute that this preference action is a "core" proceeding[1] and that, pursuant to United States Supreme Court precedent in *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989) and *Langenkamp v. Culp*, — U.S. —, 111 S.Ct. 330, 112 L.Ed.2d 343 (1990), *reh'g denied*, — U.S. —, 111 S.Ct. 721, 112 L.Ed.2d 709 (1991), the Bank has a right to a jury trial.[2] Still at issue, however, is whether Congress has expressly or impliedly authorized bankruptcy judges to conduct jury trials in core proceedings, and, if so whether this authorization is constitutional. There is a split of opinion in the Circuit Courts on this question, and the Ninth Circuit has not yet taken a position.

The Trustee contends generally that Congress established the bankruptcy court system to administer core proceedings such as preference actions, and thus could not have intended to give defendants sole control over a bankruptcy court's jurisdiction through the assertion of the right to a jury. Specifically, the Trustee argues that Congress implicitly authorized jury trials in bankruptcy courts in 28 U.S.C. § 151 and 157(b). He follows the reasoning of the Second Circuit in *In re Ben Cooper*, 924 F.2d 36 (2d Cir.1991). In that case the court, reading § 151 in conjunction with § 157(b),[3] determined that a bankruptcy court could hold a jury trial in a core proceeding.[4] Section 151 provides:

[E]ach bankruptcy judge, as a judicial officer of the district court, may exercise the authority conferred under this chapter with respect to any action, suit or proceeding.

Section 157(b) provides:

(1) Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11,[5] or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title.

Considering these two provisions together, the *Cooper* court concluded that it must be implied that bankruptcy judges have authority to conduct *jury* trials and issue final orders in core proceedings in order to reconcile the congressional intent evident in the power granted the bankruptcy courts.

In opposition, the Bank argues that the better reasoning is that of the Eighth Circuit in *In re United Missouri Bank of Kansas City, N.A.*, 901 F.2d 1449 (8th Cir. 1990), in which the court concluded that there is no express or implied statutory authority for bankruptcy courts to conduct jury trials.[6] In *United Missouri Bank*, the court found the absence of any express authority, in combination with the lack of discussion of the issue in the legislative

1. 28 U.S.C. § 157(b)(2)(F) provides that "core" proceedings include "proceedings to determine, avoid, or recover preferences."

2. In *Langenkamp*, the Supreme Court approved a Tenth Circuit holding that "those appellants that did not have or file claims against the debtors' estates undoubtedly [were] entitled to a jury trial on the issue whether the payments they received from the debtors within ninety days of the latter's bankruptcy constitute[d] avoidable preferences."

   It is undisputed that here, the Bank has not filed a proof of claim.

3. These provisions are part of the Bankruptcy Amendments and Federal Judgeship Act of 1984 ("1984 Act").

4. *See In re Ben Cooper, Inc.*, 896 F.2d 1394 (2d Cir.1990). The Supreme Court granted certiorari in the earlier case, but vacated and remanded the case for the Circuit Court to determine whether it had jurisdiction to hear the appeal from the district court judgment that withdrew reference from the bankruptcy court in the first place. *Insurance Co. of State of Pennsylvania v. Ben Cooper, Inc.*, — U.S. —, 111 S.Ct. 425, 112 L.Ed.2d 408 (1990). Upon finding that it had originally had jurisdiction to hear the appeal, the Second Circuit reinstated its original opinion.

5. The Supreme Court held, in *Granfinanciera*, that such core proceedings, if legal in nature, are subject to the Seventh Amendment's right to a jury trial. The Second Circuit seems to interpret this holding to mean that Congress cannot have intended to abdicate the Seventh Amendment right to jury trial by designating an Article I forum to hear subject matter pertaining to private rights.

6. The Tenth Circuit has also followed the reasoning of *United Missouri Bank*. *In re Kaiser Steel Corp.*, 911 F.2d 380 (10th Cir.1990).

history of the 1984 Act, determinative. The 1984 Act does not contain any language expressly granting authority to bankruptcy courts to conduct jury trials; it only grants such authority to district courts in certain types of actions.[7]

Although this limitation on the forum for certain types of actions has suggested to some courts that all jury trials other than those designated for the district courts are to be held in bankruptcy court, it signified otherwise to the *United Missouri Bank* court. That court noted, first, that Congress has previously provided express statutory authority to conduct jury trials to a non-Article III tribunal (*see* 28 U.S.C. § 636(a)(3) (statutory authority of magistrates to conduct jury trials in certain cases)) and is thus aware of the language necessary to expressly grant that authority. Second, the court found the statutory language most likely to indicate that Congress intended to "transfer all proceedings relating to the bankruptcy estate to the sole jurisdiction of the bankruptcy court without regard to whether a party was entitled to a jury trial, or which forum would conduct the trial." *United Missouri Bank* at 1456. Finding that the power to conduct jury trials is not indispensable to bankruptcy judges' ability to execute the authority conferred by the 1984 Act, the Eighth Circuit court concluded that such power was not legislatively implied.

■ Upon careful consideration of the arguments of both sides on this issue, this court finds the reasoning of the Second Circuit persuasive. Read together, §§ 151 and 157(b) clearly indicate that the power to conduct jury trials *is* indispensable to bankruptcy judges' ability to execute the authority conferred by the 1984 Act. Also, Congress created the bankruptcy courts in the first place for the very reasons that bankruptcy courts are more familiar with the law and equities involved in core pro-

ceedings such as the instant preference action, and that they provide an expert, efficient forum in which to concentrate the administration of the bankruptcy estate.

### B. *Constitutionality*

Having found implicit authorization for bankruptcy courts to conduct trials in core proceedings, the court must now address the issue of whether such authorization is constitutional. Again, the court follows the reasoning set forth by the Second Circuit in *Ben Cooper.*

### 1. Seventh Amendment

■ The Seventh Amendment requires that "no fact tried by a jury, shall be otherwise reexamined in any Court of the United States, other than according to the rules of common law." This means that no reviewing court may redetermine facts found by the jury. *Atlantic & Gulf Stevedores, Inc. v. Ellerman Lines, Ltd.,* 369 U.S. 355, 359, 82 S.Ct. 780, 783, 7 L.Ed.2d 798 (1962). Thus if a statute requires that findings of fact be reviewed *de novo* by the reviewing court, a provision for the fact-finding to be done by a jury under that statute would violate the Seventh Amendment.[8] However, since the district court review of final orders in core proceedings is limited to the analogous review that courts of appeals have over district courts,[9] a jury trial in a core proceeding does not violate the Seventh Amendment.

### 2. Article III

■ The Second Circuit concisely analyzed the question whether statutory authority of bankruptcy judges to conduct jury trials violates Article III by stating: "If bankruptcy courts have the power to enter final judgments without violating Article III, it follows that jury verdicts in the bankruptcy courts do not violate Article III." *Ben Cooper* at 1403. The *Ben Coo-*

---

7. Specifically, the statute provides: "The district court shall order that personal injury tort and wrongful death claims shall be tried in the district court ..." 28 U.S.C. § 157(b)(5).

8. For instance, jury trials in non-core proceedings would be unconstitutional, because the

1984 Act requires that in non-core proceedings, findings of fact by the bankruptcy court be reviewed *de novo* by the district court. 28 U.S.C. § 157(c)(1).

9. 28 U.S.C. § 158; *In re Daniels–Head & Assocs.,* 819 F.2d 914 (9th Cir.1987).

*per* court invoked its previous analysis of congressional intent in passing the 1984 Act to conclude that bankruptcy courts can enter final judgments in core proceedings without violating Article III. It further stated that the primary purpose of Article III is to ensure a judiciary free from pressure from the other branches of government. Jury trials complement this purpose, as juries are less likely to feel such pressure than are bankruptcy judges, who, as Article I judges, rely on the other branches for reappointment to office. Finally, the Second Circuit noted that jury trials in other Article I courts have been upheld when the authority of the Article I judges does not otherwise run afoul of Article III (e.g., local District of Columbia judges and federal magistrates).

This court agrees with the above analysis of constitutionality, and accordingly finds that the legislative grant of authority is constitutional.

## IV. Conclusion

For the foregoing reasons, the court hereby ORDERS that the Bank's motion to withdraw reference is DENIED.

IT IS SO ORDERED.