**In re MARSHLAND DEVELOPMENT, INC., and David B. Hoxie, Debtors.**

**LESLIE SALT COMPANY, Plaintiff,**

v.

**MARSHLAND DEVELOPMENT, INC., David Hoxie, and Does 1 through 20, Defendants.**

Bankruptcy Nos. 590–01570–JRG, 590–01571–JRG.

Adv. Nos. 900222, 900223.

United States Bankruptcy Court, N.D. California.

July 15, 1991.

---

Ernest Robles, San Jose, Cal., U.S. Trustee.

Heinz Binder, Binder & Malter, Kenneth C. Bryant, Little & Bryant, San Jose, Cal., for debtors.

Bryan J. Wilson, Morrison & Foerster, Palo Alto, Cal., Adam A. Lewis, Morrison & Foerster, San Francisco, Cal., for plaintiff.

OPINION

JAMES R. GRUBE, Bankruptcy Judge.

I. INTRODUCTION.

Plaintiff Leslie Salt Company ("Plaintiff") filed a complaint against Defendants Marshland Development, Inc. and David B. Hoxie ("Defendants") in state court on August 22, 1988, seeking $4,280,000.00 for environmental damage to Plaintiff's real property. Defendants filed their Chapter 11 petitions on April 5, 1990, eighteen days before the state court case was scheduled to go to trial. Defendants removed the case to bankruptcy court on July 30, 1990.

Before this Court are Defendants' motions for a jury trial and for further discovery in the two related adversary proceedings. Plaintiff has opposed both motions, and has filed a counter motion for abstention and remand.

For the reasons stated hereinafter, Defendants' motions for a jury trial and for further discovery will be denied. Plaintiff's counter motion for abstention and remand will also be denied.

II. DISCUSSION.

A. *Motion for Jury Trial.*

1. Legal Standard.

In deciding a motion for jury trial, the Court must initially determine whether the moving party has a Seventh Amendment right to a jury trial. *Granfinanciera, S.A. v. Nordberg,* 492 U.S. 33, 41–42, 109 S.Ct. 2782, 2790, 106 L.Ed.2d 26, 40–41 (1989) (hereinafter *"Granfinanciera"*); Local Rule 700-7(a); 5 *Moore's Federal Practice,* ¶ 38.11[1], p. 38–74 (2d ed.1991). The Court must apply a three-part test in order to make this determination. First, the Court must decide whether there would have been a right to a jury trial in 18th-century England. *Granfinanciera,* 109 S.Ct. at 2790. Second, the Court must decide whether the matter should be characterized as legal rather than equitable. *Id.* Finally, the Court must decide whether the matter involves private rights, as opposed to public rights. *Id.* All three factors must be present in order for there to be a Seventh Amendment right to a jury trial.

The Court must engage in the foregoing analysis irrespective of whether there would have been a right to jury trial under state law. *See generally* 5 *Moore's Federal Practice,* ¶ 38.09, pp. 38–63—38–73 (2d ed.1991).

If there is a Seventh Amendment right to jury trial in the action, the Court must determine whether the demand for jury trial was timely made pursuant to Fed. R.Civ.P. 38(b). Alternatively, in a removal action such as the case at bar, the Court must look to Fed.R.Civ.P. 81(c) to determine the timeliness of the demand.[1]

■ If the demand for a jury trial has been timely made, the Court must determine whether the action is a core or non-core proceeding. 28 U.S.C. § 157(b)(3). If the action is core, it is this Court's position that the jury trial may be held in the bankruptcy court.[2] If the action is non-core, the bankruptcy court may not conduct the jury trial absent the consent of the parties.[3]

■ Finally, even if the moving party has met all of the foregoing conditions and there is a right to a jury trial in the case, the Court must decide whether or not to abstain from hearing the matter, pursuant to the mandatory and discretionary abstention provisions of 28 U.S.C. § 1334(c)(1) and (2).

### 2. Application of Legal Standard.

#### a. *Seventh Amendment Right to Jury Trial.*

■ Plaintiff's complaint, filed in Santa Clara County Superior Court on August 22, 1988, lists the following causes of action: breach of contract, negligence, equitable indemnity, promissory fraud, negligent misrepresentation, estoppel, trespass, and declaratory relief.[4] The Court concludes that there was a right to jury trial in 18th-century England on the causes of action pled by the Plaintiff.[5] The Court further concludes that this matter is legal rather than equitable, as money damages are the sole remedy requested by the Plaintiff.[6] Thus, the key question is whether this case involves public rights or private rights.

■ If an action is legal but involves public rights, Congress may assign resolution of the issue to a non-Article III adjudicative body that sits as the trier of fact, such as the bankruptcy court. On the other hand, if the action is legal but involves private rights, the Seventh Amendment protects a litigant's right to a jury trial. *Granfinanciera,* 109 S.Ct. at 2790, n. 4.

#### i. Plaintiff's Contention That Defendants Have Waived Their Right to a Jury Trial.

■ The Plaintiff argues that the Defendants have twice waived their right to a jury trial, first by having voluntarily submitted themselves to the equitable jurisdiction of the bankruptcy court when they filed bankruptcy, and again by having removed the state court lawsuit to this Court. In support of its argument, Plaintiff relies on *In re Lion Country Safari, Inc. California,* 124 B.R. 566 (Bankr.C.D.Cal.1991) ("*Lion Country*").

In *Lion Country,* third party plaintiff creditors removed a state court case to the bankruptcy court. The defendant debtor had filed a cross-complaint in the state

---

1. Fed.R.Civ.P. 38(b) and 81(c) are incorporated by Local Rule 700-7(d).

2. *See, e.g., In re Ben Cooper, Inc.,* 896 F.2d 1394 (2d Cir.1990); *In re Interbank Mortgage Corporation,* 128 B.R. 269 (N.D.Cal.1991); *In re Clairmont Transfer Co.,* 117 B.R. 288 (Bankr. W.D.Mich.1990); *In re Lee Way Holding Co.,* 115 B.R. 586 (S.D.Ohio 1990); *In re Geauga Trenching Corp.,* 110 B.R. 638 (Bankr.E.D.N.Y.1990). *But see In re Kaiser Steel Corp.,* 911 F.2d 380 (10th Cir.1990); *In re United Missouri Bank of Kansas City, N.A.,* 901 F.2d 1449 (8th Cir.1990); *In re Transcon Lines,* 121 B.R. 837 (C.D.Cal. 1990); *In re Johnson,* 115 B.R. 712 (Bankr. S.D.Ala.1990); *In re Fort Lauderdale Hotel Partners, Ltd.,* 103 B.R. 335 (Bankr.S.D.Fla.1989).

3. *See In re Cinematronics, Inc.,* 916 F.2d 1444, 1451 (9th Cir.1990).

4. As to the latter cause of action, Plaintiff has prayed for a declaration that Defendants are liable for all of the costs of environmental cleanup of Plaintiff's real property.

5. *See generally 5 Moore's Federal Practice* ¶ 38.-11[5], pp. 38-80—38-83 (2d ed. 1991) for a comprehensive list of actions that historically would have been considered triable by a jury.

6. The Court concurs with the Defendants that Plaintiff's cause of action for declaratory relief is in essence a prayer for prospective money damages. *See* footnote 4. Therefore, that cause of action is more accurately characterized as legal rather than equitable.

court action, and had timely demanded a jury trial.

The court viewed the creditors' act of removing the state court lawsuit to the bankruptcy court as "tantamount to the filing of a proof of claim against the Debtor...." 124 B.R. at 572. The court further held that the debtor's cross-complaint came within the definition of "compulsory cross-claim" found in Bankruptcy Rule 7013. *Id.* at 569. Applying the two-part test of *Langenkamp v. Culp,* —— U.S. ——, 111 S.Ct. 330, 112 L.Ed.2d 343 (1990), *reh'g denied,* —— U.S. ——, 111 S.Ct. 721, 112 L.Ed.2d 709 (1991) (hereinafter *"Langenkamp"*), the court held that by the act of filing bankruptcy the debtor had invoked the equitable jurisdiction of the bankruptcy court to adjust the debtor's financial relations with its creditors, *id.* at 572, and that the trial of the removed action was "integral to the restructuring of [the] debtor-creditor relationship." *Id.* at 572–73. On that basis the court held that the debtor was not entitled to a jury trial in the bankruptcy court on its cross-claim.

The Court concludes that *Lion Country* does not support the Plaintiff's waiver argument. The *Lion Country* court based its holding on both prongs of the *Langenkamp* test. Invoking the equitable jurisdiction of the bankruptcy court is only the first prong of the test. Neither *Langenkamp* nor *Lion Country* suggests that the act of filing a bankruptcy petition or removing an action to the bankruptcy court constitutes waiver of the right to a jury trial. In *Granfinanciera* the Supreme Court made clear that submitting oneself to the jurisdiction of the bankruptcy court, which can lead to the loss of the right to a jury trial, is a concept differing from that of waiver.

It warrants emphasis that this rationale [i.e., that an appearance in bankruptcy court is deemed consent to jurisdiction] differs from the notion of waiver ... [I]n the context of bankruptcy proceedings ... creditors lack an alternative forum to the bankruptcy court in which to pursue their claims.

*Granfinanciera,* 109 S.Ct. at 2799, n. 14.

■ Similarly, the Court concludes that a debtor lacks an alternative forum in which to reorganize or obtain a fresh start. Thus, neither a creditor nor a debtor waives its right to a jury trial solely on the basis of having submitted itself to the equity jurisdiction of the bankruptcy court.

Based on the foregoing, the Court concludes that the Defendants did not waive their right to jury trial.

ii. Plaintiff's Contention That the Removed Action Is Now a Claims Resolution Proceeding for Which No Right to a Jury Trial Exists.

■ Plaintiff alternatively argues that this adversary proceeding is the functional equivalent of a claims objection proceeding, and that therefore this case involves public rights, not private rights. This argument does find support in *Lion Country,* by way of *Langenkamp.* First of all, although the Court does not agree that the act of invoking the jurisdiction of the bankruptcy court constitutes waiver of the right to jury trial in and of itself, it is equally clear to the Court that the Defendants have in fact submitted themselves to the jurisdiction of the bankruptcy court, and that therefore the first prong of the *Langenkamp* test is satisfied.[7]

Thus, the analysis centers on the second prong of the *Langenkamp* test, that is, whether this proceeding is integral to the restructuring of the debtor-creditor relationship. If the second prong is satisfied, then what was clearly a private right [8] in the context of the state court action has

---

7. For example, the filing of a proof of claim constitutes submission to the jurisdiction of the bankruptcy court. *Langenkamp,* 111 S.Ct. at 331–332; *Katchen v. Landy,* 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966). Similarly, the filing of a bankruptcy petition or the removal of a state court case to the bankruptcy court constitutes submission to the jurisdiction of the bankruptcy court. *Lion Country,* 124 B.R. at

572; *In re Beugen,* 81 B.R. 994, 1001 (Bankr. N.D.Cal.1988).

8. Private rights are described as " 'the liability of one individual to another under the law as defined.' " *Granfinanciera,* 109 S.Ct. at 2795, n. 8 (citation omitted).

been transmuted into a public right[9] in the context of bankruptcy.

The Court is convinced by the reasoning in *Lion Country* and in *In re Beugen,* 81 B.R. 994 (Bankr.N.D.Cal.1988), cited in *Lion Country,* that Plaintiff's removed state court complaint is tantamount to the filing of a proof of claim in the bankruptcy court. *See Lion Country,* 124 B.R. at 572–73, n. 16 (collecting cases in the Ninth Circuit holding that the filing of a complaint constitutes an informal proof of claim); *In re Beugen,* 81 B.R. at 997 ("[Plaintiff's] action is a 'claim' against the bankruptcy estate, in that it asserts a right to receive payment from Debtor Beugen. *See* 11 U.S.C. § 101(4).") The defendant/debtors in *Lion Country* and *Beugen* had either filed cross-complaints or counterclaims in their respective state court actions. Since those counterclaims were deemed part of the same transaction and occurrence as the determination of the amount of the creditors' claims, both courts held that the debtors were not entitled to a jury trial on the counterclaims.[10] The Court concludes that in this case, Defendants' answer to the complaint in state court was analogous to an objection to claim in bankruptcy court. Thus, by virtue of having been removed to the bankruptcy court, this proceeding has been transmuted into a claims resolution proceeding. As such, it falls within the second prong of the *Langenkamp* test; that is, this proceeding is one that is integral to the restructuring of the debtor-creditor relationship.

On that basis, the Court concludes that this adversary proceeding is the functional equivalent of a claims objection proceeding, and thus involves public rights rather than private rights. Therefore, there no Seventh Amendment right to a jury trial in this case.[11]

b. Core vs. Non-core Proceeding.

██ Although it is no longer relevant to the determination of the issue of the right to a jury trial, the Court must nevertheless decide whether the present action is a core or a non-core proceeding. 28 U.S.C. § 157(b)(3); Local Rule 700–5.[12] Plaintiff contends that the action is core.[13] Defendants contend that the action is non-core.[14]

Core matters are defined as those "arising under title 11, or arising in a case under title 11." 28 U.S.C. § 157(b). Included within the non-exclusive list of core matters in section 157(b) is the process of the allowance and disallowance of claims against the estate. The Court concludes

9. Public rights are described as "statutory rights that are integral parts of a public regulatory scheme and whose adjudication Congress has assigned to an administrative agency or specialized court of equity." *Granfinanciera,* 109 S.Ct. at 2797, n. 10.

10. "[A] counterclaim arising from the same transaction as the creditor's claim against the estate may be decided in the same manner as the claim, because it is merely another part of the same legal controversy." *In re Beugen,* 81 B.R. at 998. "Here the Debtor has objected to allowance of [the] claim by the devise of an answer and assertion of a cross-claim ..." *Lion Country,* 124 B.R. at 572.

11. There is no right to a jury trial in a claims resolution proceeding. *See Katchen v. Landy,* 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966). Although the Court has determined that there is no Seventh Amendment right to a jury trial in this case, the Court notes for the record that the parties do not dispute that Defendants made a timely request for jury trial in state court. Fed.R.Civ.P. 81(c), incorporated by Local Rule 700–7(d), states in pertinent part: "A party who, prior to removal, has made an express demand for trial by jury in accordance with state law, need not make a demand after removal." The Court has in its file a copy of Defendants' Counter–At–Issue Memorandum demanding a jury trial in the state court action, file-stamped May 23, 1989 by the Santa Clara County Superior Court. Therefore, the Court concludes that the Defendants made a timely demand in writing for trial by jury in state court in accordance with California Law. *See* Cal.Civ.Proc.Code § 631 (West 1991).

12. 28 U.S.C. § 157(b)(3) states in pertinent part: "The bankruptcy judge shall determine, on the judge's own motion or on timely motion of a party, whether a proceeding is a core proceeding under this subsection or is a proceeding that is otherwise related to a case under title 11...."

13. *See* Plaintiff's Brief in Opposition to Defendants' Motion for Jury Trial and in Support of its Counter Motion for Abstention and Remand, filed April 3, 1991, at page 8.

14. *See* Defendants' Motion for Jury Trial, filed March 14, 1991, at pages 5–7.

that just as private rights are transmuted into public rights if the *Langenkamp* test is satisfied, this removed state court action has been transmuted into a core proceeding, by virtue of the fact that the essence of the action is now the resolution of a claim against the debtor. *See In re Beugen*, 81 B.R. at 999–1001.

### c. *The Counter Motion to Abstain.*

### i. *Mandatory Abstention.*

Plaintiff has filed a counter motion for abstention and remand of this action back to state court. Abstention is mandatory in a non-core proceeding if the proceeding could not have been commenced in a federal court absent the filing of the bankruptcy, and if one of the parties has made a timely motion for abstention to the bankruptcy court. 28 U.S.C. § 1334(c)(2). As previously stated, the Court concludes that this action is a core proceeding. Therefore, the mandatory abstention provision of section 1334(c)(2) does not require the Court to abstain from hearing this matter.[15]

### ii. *Discretionary Abstention.*

The Court in its discretion may abstain from hearing a matter "in the interest of justice, or in the interest of comity with State courts or respect for State law." 28

U.S.C. § 1334(c)(1). In *In re Tucson Estates, Inc.*, 912 F.2d 1162 (9th Cir.1990) the Ninth Circuit identified twelve factors that courts should consider when deciding whether to abstain under section 1334(c)(1).[16]

As stated previously, the essence of this action is the resolution of a claim, and as such it is inextricably bound up in the bankruptcy process. The result of this proceeding, the resolution of largest claim against the estate, will doubtless determine whether or not the Debtors will ultimately be able to reorganize. It is in the best interest of the estate that this matter be tried as promptly and expeditiously as possible. To remand this case back to state court, with the concomitant delay involved, would thus have a deleterious effect on the efficient administration of the estate. Therefore, having weighed the *Tucson* factors, the Court concludes that it will not exercise its power of discretionary abstention. Plaintiff's counter motion for abstention and remand is denied.

### B. *Motion for Further Discovery.*

Defendants have made a motion for further discovery, and Plaintiff has opposed the motion. Plaintiff alleges that Defendants have delayed resolution of this case by employing a number of stalling tactics, and that the present motion is but

---

15. The Court notes that these adversary proceedings were filed on July 30, 1990. Plaintiff filed its motion for abstention on April 3, 1991, and the motion was heard on April 11, 1991. Plaintiff argues that its motion is timely because it made its counter motion for abstention shortly after Defendants made their motion for a jury trial. This Court does not agree that a motion to abstain shall be adjudged timely in relation to how quickly the movant has reacted to developments in the case. A motion for abstention should be made early in the case, so as to prevent the waste of judicial resources. *See* 130 Cong.Rec. 10,13076–77 (1984). Since Plaintiff's motion was made eight months after the commencement of the case, the Court concludes that the Plaintiff's motion was not timely. Therefore, even if these proceedings were non-core proceedings the Court would not be required to abstain from hearing the matter.

16. These factors are: (1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable law, (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted 'core' proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden of [the bankruptcy court's] docket, (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding by non-debtor parties. *In re Tucson Estates, Inc.*, 912 F.2d 1162, 1166 (9th Cir.1990), cited with approval in *In re Eastport Associates*, 935 F.2d 1071 (9th Cir. 1991).

another stratagem to postpone going to trial on the merits.

In March 1989, when this case was in state court, Defendants had the case taken off the trial calendar, on the grounds that they needed more time for discovery. The trial date was eventually reset for April 1990; thus, Defendants had more than one year to complete discovery in state court. It therefore appears to the Court that Defendants have already had ample opportunity to conduct discovery. The Court further notes that these adversary proceedings were filed in this Court almost a year ago, and that virtually nothing has transpired in this case since that time. As previously stated, further delay will have a deleterious effect on the reorganization process. On that basis, the motion of the Defendants for further discovery will be denied.

### III. CONCLUSION.

Based on the foregoing, Defendants' motions for a jury trial and for further discovery are denied. Plaintiff's counter motion for abstention and remand is also denied.