**In re Harry D. KRUG, Debtor.**

**PEOPLES STATE BANK AND TRUST CO., Plaintiff,**

v.

**Harry D. KRUG, Sunflower Bank, N.A., Board of County Commissioners of Russell County, Kansas, and Johnny Boyd, Defendants.**

Bankruptcy No. 93–41762–12.
Adv. No. 94–7006.

United States Bankruptcy Court,
D. Kansas.

Sept. 29, 1994.

Bruce J. Woner, Timothy H. Girard, Woner, Glenn, Reeder & Girard, Topeka, KS, for debtor.

Robert E. Nugent, Susan PR. Schrag, Morris, Laing, Evans, Brock & Kennedy, Chartered, Wichita, KS, for Peoples State Bank.

Jerry E. Driscoll, Russell, KS, for Sunflower Bank, N.A.

Peter R. Williams, Russell, KS, for Bd. of County Comm., Russell County, KS.

Kenneth L. Cole, Russell, KS, for Johnny Boyd.

Eric C. Rajala, Trustee, Overland Park, KS.

## MEMORANDUM OPINION AND ORDER

JULIE A. ROBINSON, Bankruptcy Judge.

This matter comes before the Court pursuant to the Motion to Abstain filed by Peoples State Bank and Trust Co. ("Bank"). A hearing was held on May 16, 1994, at which time the Court took the matter under advisement. The Bank appeared by and through its attorney, Robert Nugent. Harry D. Krug ("debtor") appeared by and through his attorney, Tim Girard. The trustee, Eric C. Rajala, appeared pro se.

### JURISDICTION

The Court has jurisdiction over this proceeding. 28 U.S.C. § 1334. This is a core proceeding. 28 U.S.C. § 157(b)(2)(A), (B), (C) and (O).

### FINDINGS OF FACT

Debtor filed a voluntary petition under Chapter 12 of Title 11, United States Code, on October 28, 1993. Prior to the filing, the Bank initiated two actions against debtor and other parties in the District Court of Russell County, Kansas (the "state court actions"). On July 2, 1993, the Bank filed the first action (Case No. 93–C–57) which sets forth claims against debtor for foreclosure of certain of debtor's realty and personalty and for judgment and monetary damages against debtor. Debtor timely filed his Answer and Counterclaim in Case No. 93–C–57, alleging several affirmative defenses, including the allegation that the Bank failed to give him immediate notice prior to filing the action in violation of K.S.A. 17–545.[1] Debtor's counterclaim included claims of breach of the duty of good faith and fair dealing, negligence and tortious interference with prospective contract. On or about September 7, 1993, Johnny Boyd was allowed to intervene in Case No. 93–C–57 pursuant to an Order of the District Court of Russell County, Kansas.

---

1. Debtor's answer in Case No. 93–C–72 cites to K.S.A. 74–545, and the Court believes the debtor intended to cite that subsection in this answer and the reference to K.S.A. 17–545 was merely a typographical error.

On or about August 12, 1993, the Bank commenced its second action against debtor (Case No. 93–C–72), seeking foreclosure of the same real estate as the first action. The second action alleges that the Bank notified the borrower of the availability of mediation service in compliance with K.S.A. 74–545(g). Debtor filed his Answer and Counterclaim in Case No. 93–C–72, setting forth the same affirmative defenses and counterclaims, and adding a breach of contract claim.[2] On or about September 7, 1993, Johnny Boyd was granted an Order of the District Court of Russell County, Kansas, allowing him to intervene in Case No. 93–C–72.

On January 26, 1994, debtor filed a Complaint for Removal of the state court actions pursuant to Rule 9027(a) of the Federal Rules of Bankruptcy Procedure. Debtor's Complaint initiated the above-captioned adversary proceeding. On February 28, 1994, the Bank filed a Motion to Abstain, requesting that the Court abstain from hearing this case.

On December 27, 1993, the Bank filed a Proof of Claim in the debtor's bankruptcy case, and the Bank filed an amended Proof of Claim on May 18, 1994, which attached additional security documents. The Proof of Claim sets forth a secured claim for $290,000 plus interest, $10,675.00 plus interest and attorney fees and other costs as provided by 11 U.S.C. § 506. The Proof of Claim is based on the same notes that are the basis for the state court actions.

On April 15, 1994, the Bank filed a motion requesting that the Court estimate the Bank's claim pursuant to 11 U.S.C. § 502(c)(1). The motion states that the Court should require the debtor to come forward with appropriate evidence of debtor's alleged damages as well as the Bank's alleged tortious misconduct or breaches of contract to facilitate the Court's estimation of the Bank's claim.

On March 11, 1994, the debtor filed an objection to the Bank's Proof of Claim, alleging that upon adjudication of his defenses and counterclaims in the removed action,

debtor will either owe the Bank less than the stated amount of its claim or will be entitled to an offset against the Bank. The debtor filed an amended objection on April 25, 1994, arguing that in the event the Court allows the Bank's claim it should nevertheless disallow fees, costs, or charges claimed by the Bank pursuant to 11 U.S.C. § 506(b) which are unreasonable and not otherwise recoverable and that the Court should refuse to approve such fees, costs, or charges absent sufficient proof of the same, including but not limited to a fee application and time records of the same. On July 26, 1994, the Bank filed an application for allowance of attorneys' fees and expenses incurred in pursuing its oversecured claim pursuant to 11 U.S.C. § 506(b).

## CONCLUSIONS OF LAW

This Court is granted jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b), which confers original, but not exclusive jurisdiction in the district court of all civil proceedings arising under Title 11, or arising in or related to cases under Title 11. All Title 11 U.S.C. cases and proceedings in, under or related to Title 11 are referred to the bankruptcy judges of this district. *See* 28 U.S.C. § 157(a) and D.Kan.Rule 705.

Although this Court has jurisdiction over this adversary proceeding, 28 U.S.C. § 1334(c) sets forth provisions for mandatory and discretionary abstention. Section 1334(c)(2) provides for mandatory abstention and states that:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated,

---

**2.** Although debtor's original answers included jury trial demands, on June 30, 1994, the debtor filed a motion for leave to amend his answer and counterclaim, and his Amended Answer and Counterclaim does not include a jury trial demand.

in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334(c)(2).

■ One element of mandatory abstention requires that the proceeding be related to a case under Title 11 but not arising under Title 11 or arising in a case under Title 11. Matters "arising under title 11, or arising in a case under title 11" are "core proceedings." *See* 28 U.S.C. § 157(b)(1). In other words, for mandatory abstention to be applicable, this adversary proceeding must be "non-core."

■ The Court finds that this adversary proceeding is a core proceeding and therefore mandatory abstention is not required. This adversary proceeding involves the same issues necessary to decide the debtor's objection to the Bank's Proof of Claim filed in the debtor's bankruptcy case. Several courts have held that proceedings which are basically equivalent to claims litigation are core proceedings. *See, e.g., In re Meyertech Corp.*, 831 F.2d 410, 418 (3rd Cir.1987) (concluding that where the cause of action based upon state law is correctly characterized as a claim against the debtor's bankrupt estate, the litigation of its merits is a core proceeding); *In re Chapman*, 132 B.R. 153, 157 (Bankr.N.D.Ill.1991) (stating that the action was a core proceeding where creditor filed a claim for the amount owed to them under the mortgage, and debtors had filed the same affirmative defenses and counterclaims against that claim as they filed in the present case); *In re Marshland Development, Inc.*, 129 B.R. 626, 631 (Bankr.N.D.Cal.1991) (removed state court proceeding was core, where defendant's answer to the complaint was analogous to an objection to claim in bankruptcy, and the proceeding was transmuted into a claims resolution proceeding); *In re Baudoin*, 981 F.2d 736, (5th Cir.1993) (citing *In re Branding Iron Motel, Inc.*, 798 F.2d 396, 399 n. 3 (10th Cir.1986)) (noting that the controversy involving the note and mortgage is inextricably tied to the bankruptcy proceeding because it affects the liquidation of assets, and comes within the ambit of "core proceedings" as defined in 28 U.S.C. § 157(b)(2)); *In re Manville Forest Products Corp.*, 896 F.2d 1384, (2nd Cir.1990) (holding that adversary proceeding which involved a simple objection to a proof of claim was a core proceeding, despite argument that suit merely involved state law breach of contract claim that was "related to" the bankruptcy case).

■ Section 1334(c)(1) provides for the Court to exercise discretion in abstaining from hearing a particular proceeding arising under Title 11 or arising in or related to a case under Title 11 "in the interest of justice, or in the interest of comity with State courts or respect for State law." In *In re Republic Reader's Service, Inc.*, 81 B.R. 422, 429 (Bankr.S.D.Tex.1987), the court set forth factors to consider in determining whether to exercise discretionary abstention as follows: (1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable state law, (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted "core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden of [the bankruptcy judge's] docket, (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of nondebtor parties.

In considering the factors set forth above and in the interest of justice and comity with States courts and respect for State law, the Court finds that it should not exercise discretionary abstention in the present case. If this matter were remanded back to state court, the administration of the debtor's estate would be delayed. In addition to the claims litigation, other matters in the bankruptcy case are related to and will be affect-

ed by the outcome of this adversary proceeding. For example, the Bank has filed a motion for this Court to estimate its claim and an application for allowance of attorneys' fees and expenses incurred in pursuing its oversecured claim. In addition, a final pre-trial conference on confirmation of debtor's First Amended and Modified Chapter 12 Plan is set for November 3, 1994. The outcome of this adversary case will materially impact the bankruptcy estate because debtor's cattle are the primary income producing asset of his estate, and the determination of damages to his cattle will directly impact the viability of debtor's reorganization.

The state law issues involved in this case are not difficult or unsettled in nature, and it would not be feasible to sever the state law claims from the bankruptcy matters involved. In fact, the claims are identical to the issues which must be resolved in debtor's bankruptcy case. The resolution of the debtor's objection to the Bank's Proof of Claim will necessarily involve the same issues that would be litigated in state court. The Bank has requested that this Court "estimate" the Bank's claim. The Court finds that in this case an estimation of the claim would entail almost the same analysis that resolution of the objection to the claim would involve. If the matter were remanded to state court and this Court were required to estimate the claim, both court's would be duplicating much of the same efforts and wasting judicial resources. Furthermore, delay would result if each court had to await resolution of dependent issues in the other court.

The Court has already had a pre-trial conference on this matter and has set discovery deadlines. These issues would be resolved much more efficiently if they remain in the bankruptcy court and are allowed to continue on the schedule this Court has already set. For the foregoing reasons, this Court declines to abstain from hearing this adversary proceeding.

**IT IS THEREFORE ORDERED BY THE COURT** that the Banks Motion to Abstain shall be DENIED.

This Memorandum shall constitute findings of fact and conclusions of law under Rule 7052 of the Federal Rules of Bankruptcy Procedure and Rule 52(a) of the Federal Rules of Civil Procedure. A judgment based on this ruling will be entered on a separate document as required by Rule 9021 of the Federal Rules of Bankruptcy Procedure and Rule 58 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.