**In re TRAVEL PROFESSIONALS INTERNATIONAL OF SCOTT COUNTY, INC., Debtor.**

**FARMERS BANK AND CAPITAL TRUST COMPANY, Plaintiff,**

v.

**TRAVEL PROFESSIONALS INTERNATIONAL OF SCOTT COUNTY, INC., et al., Defendants.**

**Bankruptcy No. 97–30188.
Adversary No. 97–3009.**

United States Bankruptcy Court, E.D. Kentucky, Frankfort Division.

Oct. 16, 1997.

---

J. Mel Camenisch, Jr., Lexington, KY, and Merritt S. Deitz, Jr., Henderson, KY, for plaintiff.

William E. Johnson, Frankfort, KY, for Charles Bush, Sr., Charles Bush, Jr., Sandra Bush, David Wilhelm and Karen Wilhelm.

R. Burl McCoy, Lexington, KY, for Ray Godbey and Virginia Godbey.

### OPINION AND ORDER

WILLIAM S. HOWARD, Bankruptcy Judge.

Before the Court is a Motion for Abstention filed by defendants and counterclaimants, Charles O. Bush, Sr., Charles O. Bush, Jr., Sandra Bush, David Wilhelm and Karen Wilhelm ("Movants"). Movants have, by their Motion for Abstention, oral arguments and subsequent brief, challenged the jurisdiction of this Court to conduct a jury trial, which has been demanded in the within action, and move for mandatory and permissive abstention in this proceeding.

The corporate defendants in this proceeding are before this Court in involuntary Chapter 7 proceedings in which they failed to respond and orders for relief were entered. No schedules or statements of affairs have been filed by either debtor despite this

Court's orders to do so. One of the defendants in this adversary proceeding, Bush, Jr., is resisting motions filed by the plaintiff in both bankruptcy cases that he be designated as the debtors' representative for purposes of complying with the Court's orders to file various required schedules and lists and appear on behalf of the debtor for purposes of the bankruptcy cases. In the absence of schedules and statements of affairs for the corporate debtors in their bankruptcy cases, the Court will assume that such schedules when filed will disclose assets to be administered.

The adversary proceeding before the Court was removed to this Court from Frankfort Circuit Court, Kentucky, where it began as an action by the plaintiff, Farmers Bank and Capital Trust Company, ("Farmers Bank"), to collect on obligations allegedly owing by the defendants Travel Professionals International of Scott County, Inc., and Travel Professionals International of Frankfort, Inc. (collectively "Debtors") and guaranteed by other defendants in this action. The Debtors filed a counterclaim and the individual defendants have joined in that counterclaim except for Bush, Sr. who has set out a separate counterclaim based on alleged fraud by the plaintiff. It is several of the individual defendants who have raised the questions addressed herein.

Initially, the jurisdiction of this Court in an adversary proceeding must be found in 28 U.S.C. § 1334(b) wherein Congress has given the district courts original, but not exclusive, jurisdiction in all civil proceedings arising under, arising in or related to cases under title 11. The District Court of the Eastern District of Kentucky has adopted a uniform order of reference referring such proceedings to the bankruptcy judges of the district. This Court is a unit of the district court. 28 U.S.C. § 151. As such, its jurisdiction is that of the district court and the questions raised by the movants must be addressed pursuant to the terms of 28 U.S.C. § 1334(b). Questions concerning which judicial officials of the district court may conduct various proceedings, *e.g.* jury trials and entry of final judgments, is a question separate from that of jurisdiction.

The pleadings reveal that the plaintiff asserts claims against the debtors, the debtors assert counterclaims against the plaintiff and the Movants assert counterclaims, based upon debtors' claims and the separate counterclaim of Bush, Sr., against the plaintiff.

The Sixth Circuit Court of Appeals has recently visited the question of "related to" jurisdiction set forth in § 1334(b). *In re Dow Corning Corporation,* 86 F.3d 482 (6th Cir.1996). Before the Court in that case, among other questions, was the question of whether the lawsuits by tort claimants against third party breast implant manufacturers were related to the bankruptcy proceeding of Dow Corning. The Court found "related to" jurisdiction on two bases: a) contribution and indemnity claims, and b) joint insurance. In reversing the district court and finding related to jurisdiction, the Court said:

> Based on the principles outlined above, we believe the district court has "related to" subject matter jurisdiction over the breast implant claims pending against the nondebtor defendants in this case. Thousands of suits asserted against Dow Corning include claims against the nondebtors, and the nature of the claims asserted establishes that Dow Corning and the various nondebtor defendants are closely related with regard to the pending breast implant litigation. Dow Chemical and Corning Incorporated have already asserted cross-claims against each other and Dow Corning in the underlying litigation, and the other *nondebtor defendants* have asserted repeatedly throughout their briefs, motions, and oral arguments that they intend to file claims for contribution and indemnification against Dow Corning, and we have no reason to doubt the veracity of those assertions at this time. (At page 493).

 In the present action, if the plaintiff succeeds in obtaining judgment against movants and debtors, movants would have causes of action against the debtors for contribution or indemnification to the extent that they satisfy the claims of the plaintiff. Additionally, in the present proceeding, all of these movants' assertions against the plaintiff, Farmers Bank, except those of Bush, Sr.

appear to be identical to those of the debtor since movants have adopted the debtor's counterclaim in this matter. Clearly then, this Court, as a unit of the district court, has jurisdiction under the broad net of the *Dow Corning* case over all of the claims and counterclaims in this action.

Movants raise the question of "jurisdiction" in the context of this Court's ability to conduct a jury trial. As all parties are aware, the provisions of 28 U.S.C. § 157(e) provide that the bankruptcy court may conduct a jury trial with consent of all parties and upon being specially designated to exercise such jurisdiction by the district court. At the present time, both of the qualifications to conduct a jury trial, consent and special designation, are absent in this proceeding and, clearly, this Court cannot presently conduct a jury trial if movants are entitled to one. However, that does not affect the jurisdiction of this Court to proceed with this case to determine entitlement to a jury trial and, upon such determination, recommend that the district court withdraw the reference and conduct such a trial, as it, as an Article III court, may unquestionably do. *In re Standard Insulations, Inc.*, 138 B.R. 947 (Bkrtcy. W.D.Mo.1992).

Movants next contend that this Court should permissively abstain from hearing this proceeding pursuant to the terms of 28 U.S.C. § 1334(c)(1) which provides for permissive abstention in the interest of justice or of comity with the state courts or respect for state law. Based upon the complaint filed in this action, the claims asserted by Farmers Bank in this matter are secured claims (although no claims have yet been filed in the bankruptcy cases) claiming liens on the accounts receivable, general intangibles and other assets of the Chapter 7 estates. Additionally, the counterclaims by debtors against Farmers Bank might well constitute the largest assets of the estate. As such, it would appear that this Court, the Court in which the bankruptcy cases are pending, is the appropriate Court to determine these vital questions, which include lien determination and liquidation of estate property and which will have significant effect upon the outcome of this bankruptcy proceeding. The determination of these claims between the debtor and Farmers Bank involve the same course of dealings upon which movants base their claims against Farmers Bank and severance of them from this Court's determination in the claims process of the bankruptcy proceeding does not seem realistic or in the interests of judicial economy.

Movants also assert that this Court must mandatorily abstain from hearing their claims against Farmers Bank pursuant to the terms of 28 U.S.C. § 1334(c)(2) which provides as follows:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

This adversary proceeding was removed from the Franklin Circuit Court and as such was, in fact, commenced in a state court and based upon state law causes of action and this Court does not doubt that the claims could be timely adjudicated in that court. While the Court has found this adversary proceeding is related to this bankruptcy case, it did not technically arise under title 11 or arise in a case under title 11. However, because the litigation involves the plaintiff's claim against the debtors in the bankruptcy proceeding and the debtors' counterclaims against Farmers Bank, this case raises the question of whether or not a prepetition state proceeding which has been removed to the bankruptcy court and amounts to claims litigation and asset liquidation in the bankruptcy case is subject to mandatory abstention under § 1334(c)(2).

As is pointed out by counsel for movants, a parsing of the statute and its application to this case shows literal compliance with each section. The question arises, however, that

since this action is one to establish and collect claims against the debtors and to establish the debtors' claims against plaintiff, whether the Court should treat it as claims litigation and adjudicate the claims and counterclaims, and the appendant counterclaims of defendants other than the debtors, or should the Court mandatorily abstain and let the state court decide what is probably the largest claim in the proceeding and which is secured by what appears to be substantial portions of, if not all of, debtors' assets. Must the literal application of the statute be observed when it effectively would require this Court in any such case in which such litigation is begun before the petition is filed, to let the state court decide issues involving liens on and application of proceeds of property of the debtor's estate? Allowance and disallowance of claims against the estate is a core proceeding. 28 U.S.C. § 157(b)(2)(B).

At least one court has faced this issue and has decided not to let form rule over substance. *In re Marshland Development, Inc.,* 129 B.R. 626 (Bkrtcy.N.D.Cal.1991). In that case, the court said that, because the matter was a core proceeding, "The court concludes that just as private rights are transmuted into public rights if the *Langenkamp [v. Culp,* 498 U.S. 42, 111 S.Ct. 330, 112 L.Ed.2d 343 (1990)]test is satisfied, this removed state court action has been transmuted into a core proceeding, by virtue of the fact that the essence of the action is now the resolution of a claim against the debtor." (At page 631). The Court here will follow the *Marshland* reasoning and concludes that it is not required to mandatorily abstain where the removed action is essentially claims litigation.

For the reasons set forth above, the Court hereby

ORDERS that the Motion for Abstention filed by the movants herein be, and the same hereby is, OVERRULED.