**In re M & L BUSINESS MACHINE COMPANY, INC., Debtor.**

**Christine J. JOBIN, Trustee, Plaintiff,**

**v.**

**L.D. ARNOT, Robert C. Arnot, and the Esther Philleo Arnot Trust, L.D. Arnot, Trustee, Defendants.**

**Bankruptcy No. 90–15491 CEM.**

**No. 93–K–857.**

**Adv. No. 92–2725 RJB.**

United States Bankruptcy Court, D. Colorado.

Feb. 23, 1995.

Christine J. Jobin, Jobin Law Firm, P.C., Denver, CO, for plaintiff.

Harmon S. Graves, Tilly & Graves, P.C., Denver, CO, for defendants.

MEMORANDUM OPINION AND ORDER

ROLAND J. BRUMBAUGH, Bankruptcy Judge.

THIS MATTER comes before the Court upon the MOTION TO STRIKE JURY DEMAND AND TO DENY MOTION FOR WITHDRAWAL OF THE REFERENCE, filed by the Plaintiff on January 4, 1995.

This adversary proceeding was filed by the Trustee on December 18, 1992. On April 8, 1993, Robert C. Arnot filed his answer which contained, *inter alia*, affirmative defenses for recoupment and setoff. He also filed with his answer a demand for jury trial and a motion for withdrawal of the reference. The Trustee filed her response on April 12, 1993, indicating that she did not oppose the motion for withdrawal and the jury demand.

L.D. Arnot and the Esther Philleo Arnot Trust, L.D. Arnot, Trustee filed their answer on December 14, 1993, asserting the same

affirmative defenses, motion for withdrawal of the reference and jury demand. Again, the Trustee did not oppose the jury demand and motion for withdrawal.

The case was transferred to the District Court on April 15, 1993, and subsequently returned to the Bankruptcy Court for pretrial proceedings. The Bankruptcy Court issued its Rule 7016 scheduling order on August 19, 1993, which included a deadline for filing dispositive motions of March 16, 1994. Finally, on January 4, 1995, over a year after the second defendant's answer was filed, and almost ten months after the dispositive motions deadline had passed, the Trustee changes her mind and files her motion to strike jury demand and to deny motion for withdrawal of the reference.

■ The Trustee's sole excuse for the long delay in filing this motion is that the case law which prompted the motion only recently "came to her attention." The Court notes that much of this case law existed as early as 1991 (see cases cited *infra* ), and the fact that it just recently came to her attention is unquestionably not sufficient cause to find excusable neglect for the tardy filing. The defendants should not be deprived of their Seventh Amendment right to a jury trial just because the Trustee's legal research is deficient. The Trustee could have objected to the jury demands and motions for withdrawal of the reference at the time she filed her response of no opposition, because the case law upon which she now bases her objection existed at that time. Because she could have objected in April of 1993 and failed to do so, this Court finds that the Trustee has waived her right to object to the jury demands and the motions to withdraw the reference filed by the defendants.

■ Even if this Court found that the Trustee's motion passed procedural muster, it would fail on substantive grounds. The premise on which the Trustee's motion stands or falls is that the assertion of the affirmative defenses of setoff and recoupment should be construed as a counterclaim; and, as a number of recent cases have held, the filing of a counterclaim in an adversary proceeding will stand as a proof of claim against the bankruptcy estate, causing the defendant to lose his Seventh Amendment

right to a jury trial. *Peachtree Lane Associates, Ltd. v. Granader,* 175 B.R. 232 (N.D.Ill.); *In re Hudson,* 170 B.R. 868 (E.D.N.C.1994); *In re Americana Expressways, Inc.,* 161 B.R. 707 (D.C.Utah 1993); *In re Lloyd Securities, Inc.,* 156 B.R. 750 (E.D.Penn.Bankr.1993); *In re Allied Cos., Inc.,* 137 B.R. 919 (S.D.Ind.1991).

■ Setoff and recoupment can be raised as either an affirmative defense or a counterclaim. A counterclaim seeks affirmative relief against the bankruptcy estate and will trigger the allowance and disallowance of claims process, subjecting the defendant to the equity jurisdiction of the Bankruptcy Court. The assertion of setoff and recoupment as an affirmative *defense* will not. Raised as an affirmative defense, setoff and recoupment will serve only to reduce the amount of the Trustee's claim against the defendants. *In re Concept Clubs, Inc.,* 154 B.R. 581 (D.Utah 1993). The Trustee makes much of the fact that the defendants, as part of their affirmative defenses, sought "damages suffered by defendants as a result of the acts and omissions of Debtor." (Answer of Robert C. Arnot dated April 12, 1993, and Answer of L.D. Arnot, *et al.,* dated December 14, 1993). If the defendants are indeed asking for monetary damages in addition to a reduction in the Trustee's claim, this would amount to a claim against the estate. However, defendants at the hearing held before the Court on February 6, 1995, emphasized that they are seeking no affirmative relief and no actual damages against the bankruptcy estate. Their only goal is to simply reduce the amount of any judgment that the Trustee may obtain against them.

This Court finds that setoff and recoupment raised as affirmative defenses in the case at bar are not counterclaims and do not deprive the defendants of their Seventh Amendment right to a jury trial.

ORDERED that for the reasons set forth above, the Trustee's Motion to Strike Jury Demand and to Deny Motion for Withdrawal of the Reference be and the same is hereby denied.