In re SUNSHINE TRADING & TRANS-
PORTATION COMPANY, INC.,
Debtor.

Yu–Shun LU, Plaintiff,

v.

Edward G. GRANT, Trustee, Defendant.

Bankruptcy No. 94–24441.
Adv. No. 95–2182.

United States Bankruptcy Court,
E.D. Virginia,
Norfolk Division.

Dec. 19, 1995.

Tom C. Smith, Virginia Beach, VA, for debtor.

Edward G. Grant, Trustee.

## MEMORANDUM OPINION & ORDER

STEPHEN C. ST. JOHN, Bankruptcy Judge.

This case is before the Court on the complaint of Yu–Shun Lu ("Lu") against Edward G. Grant, trustee for the debtor, seeking damages for tortious inference of a contract. The controversy before us is whether Lu has a right to a trial by jury of this adversary proceeding. The issue we must resolve is whether the filing of the instant adversary proceeding constitutes a "claim" against the estate. The parties submitted briefs and the Court heard oral arguments on this issue. After reviewing the bankruptcy file, the arguments of counsel, and the briefs submitted, we make the following determinations.[1]

1. Should we determine that Lu has a right to a jury trial, then we must refer this adversary proceeding to the district court pursuant to *Stansbury Poplar Place, Inc. v. Schwartzman (In re Stansbury Poplar Place, Inc.)*, 13 F.3d 122 (4th Cir.1993), (holding bankruptcy courts may not conduct jury trials).

2. We have not rendered a substantive decision on Lu's motion for a claim for administrative expenses. However, we note that her motion was dismissed for failure to prosecute and a motion to reconsider the dismissal order was recently denied.

3. This adversary proceeding is not entirely clear on its face that the recovery, if any, sought against the trustee is limited to the assets of the debtor's estate. However, in oral arguments upon this issue, counsel for Lu twice asserted that any recovery in this adversary proceeding was limited to the debtor's estate and thus only against the trustee in his representative capacity.

## BACKGROUND

The debtor filed its bankruptcy petition under Chapter 11 of the Bankruptcy Code on September 22, 1994. The case was subsequently converted to Chapter 7 and Edward G. Grant was appointed the trustee. The debtor operated its business on property owned by Lu, who submitted a claim for administrative expenses against the estate for rent owed.[2] Lu alleges that she and Grace Food Company of Virginia, Inc., agreed in principle for the potential sale of the property to Grace Food. Lu further alleges that the trustee caused the deal to collapse when the trustee communicated to Grace Food that he may assert an ownership interest in the subject property. Subsequently, she filed this adversary proceeding seeking damages for tortious interference of a contract from the trustee. The suit is against the trustee in his capacity as trustee for the debtor.[3] Lu seeks to satisfy a judgment in her favor, if any, from property of the bankruptcy estate and demands a trial by jury of this adversary proceeding.

## ANALYSIS

Three United States Supreme Court decisions regarding the right to a jury trial in the bankruptcy court provide the framework for our analysis.[4] The Supreme

4. We note that the constitutional authority for a right to a trial by jury is set forth in the Seventh Amendment, which provides:

In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved ...

The Supreme Court has construed the phrase "Suits at common law" to mean "suits in which legal rights were to be ascertained and determined, in contradistinction to those where equitable rights alone were recognized, and equitable remedies were administered." *Yadkin Valley Bank & Trust Co. v. McGee (In re Hutchinson)*, 5 F.3d 750, 757 (4th Cir.1993), citing *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 41, 109 S.Ct. 2782, 2790, 106 L.Ed.2d 26 (1989). Thus parties have no right to trial by jury where equitable rights and remedies alone are at issue.

We also note that the statutory right to a jury trial in the bankruptcy setting is set forth in 28 U.S.C. § 1411 (1995), which provides:

(a) Except as provided in subsection (b) of this section, this chapter and title 11 do not affect any right to trial by jury that an individual has under applicable non-bankruptcy law with re-

Court first addressed the issue in *Katchen v. Landy*, 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966). Here the Court held that a bankruptcy court had equitable jurisdiction over a creditor, who filed proofs of claim against the estate, to conduct a preference trial without affording the creditor a jury trial. It reasoned that the preference action arose as part of the claim-allowance process, which is triable in equity. As a result, the Court concluded, the right to a trial by jury did not apply. The Court acknowledged that a creditor could demand a jury trial on a legal claim if the trustee pursued the preference action outside bankruptcy court. *Katchen*, 382 U.S. at 336, 86 S.Ct. at 476. However, the Court stated, when the same issue arises as part of the process of allowance and disallowance of claims, it is triable in equity. *Id.* The Court noted:

> [I]n cases of bankruptcy, many incidental questions arise in the course of administering the bankruptcy estate, which would ordinarily be pure cases at law, and in respect of their facts triable by jury, but, as belonging to the bankruptcy court, which acts as a court of equity, exercises exclusive control. Thus, *a claim of debt or damages against the bankrupt* is investigated by chancery methods. (*emphasis added*).

*Katchen*, 382 U.S. at 337, 86 S.Ct. at 477.

■ In *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989), the Court provided more definite guidelines in determining whether a party has a right to a jury trial in the bankruptcy setting. The Court set forth a three-part test for us to consider. First, we must decide whether Lu would have had a right to a jury trial of the controversy in 18th-century England. If the right to jury trial did not exist, then the party is not entitled to such. Second, we must decide whether the matter should be characterized as legal, rather than equitable, in nature. If the matter is characterized as equitable, then Lu does not have a right to a jury trial. If the matter is legal, then we must decide, as the third part of the test, whether the matter involved private rights[5] as opposed to public rights.[6] There is no right to a jury trial for issues of public rights. In contrast, if the matter involved private rights, then the right to a jury trial exists. *Granfinanciera*, 492 U.S. at 42, 109 S.Ct. at 2790. It is important to note that the Court also stated:

> Although petitioner might be entitled to a jury on the issue of preference if he presented no claim in the bankruptcy proceeding and awaited a federal plenary action by the trustee, when the same issue arises as part of the process of allowance and disallowance of claims, it is triable in equity ... Because petitioners here ... have not filed claims against the estate, respondent's fraudulent conveyance action does not arise 'as part of the process of allowance and disallowance of claims.'

(*citations omitted*); *Granfinanciera*, 492 U.S. at 58, 109 S.Ct. at 2799.

The third Supreme Court decision made it clear that the right to jury trial can be waived. In *Langenkamp v. Culp*, 498 U.S. 42, 111 S.Ct. 330, 112 L.Ed.2d 343 (1990), the Supreme Court held that a creditor waived its right to a jury trial when it filed a proof of claim against the bankruptcy estate. *Id.* at 45, 111 S.Ct. at 331–32. It reasoned that the filing of a claim triggers the claims-allowance process that is triable only in equity. The Court reiterated its position in *Granfinanciera* in stating:

> In *Granfinanciera* we recognized that by filing a claim against a bankruptcy estate the creditor triggers the process of 'allowance and disallowance of claims,' theory subjecting himself to the bankruptcy

gard to a personal injury or wrongful death tort claim.
(b) The district court may order the issues arising under section 303 of title 11 to be tried without a jury.

**5.** Private rights are described as the liability of one individual to another under the law as defined. *See Granfinanciera*, 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989).

**6.** Public rights are described as "statutory rights that are integral parts of a public regulatory scheme and whose adjudication Congress has assigned to an administrative agency or specialized court of equity." *See Granfinanciera*, 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989).

court's equitable power ... As such, there is no Seventh Amendment right to a jury trial.

*Langenkamp,* 498 U.S. at 44–45, 111 S.Ct. at 331, *citing Granfinanciera,* 492 U.S. at 58–59, 109 S.Ct. at 2799.

Returning to the case at bar, we address the parties' arguments. The trustee does not contest that Lu could have obtained the right to a jury trial for the alleged tortious interference of a contract in 18th-century England. He also does not contest that the nature of the suit is legal rather than equitable. However, the trustee asserts that Lu is not entitled to a jury trial because she seeks to enforce a public right rather than private right. The crux of the trustee's argument is that Lu waived her right to a trial by jury by implicating the claims-allowance process. He argues that by suing him in his representative capacity, Lu seeks to collect from the res of the bankruptcy estate and thus triggers the claims-allowance process. In other words, Lu is in reality asserting a claim against the estate and accordingly waived her right to a jury trial.

■ In response to this argument, Lu asserts that a public right is not at issue. She argues the claim for tortious interference of a contract is a private right created by state common law. This response is misplaced. The public/private rights dichotomy does not turn on whether the claim arose from state common law. Instead, the focus is on whether Congress intended to place a cause of action beyond the ambit of the Seventh Amendment by assigning its resolution to a forum in which jury trials are unavailable. *See Granfinanciera,* 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989). Lu's response appears to address the second part of the *Granfinanciera* test regarding whether the claim is legal or equitable in nature. Since the trustee has conceded that the claim is legal, we do not address this response further.

■ The trustee also argues that Lu is not entitled to a jury trial because Lu voluntarily submitted to the equitable jurisdiction of the Court by filing of a claim for administrative expenses against the estate. We disagree with this argument. The claim for administrative expenses had nothing to do with this claim. A creditor, by filing a proof of claim in bankruptcy, forsakes its rights to a jury trial on any issue that bears directly on allowance of *that* claim. *Germain v. Connecticut National Bank,* 988 F.2d 1323 (2nd Cir.1993); *See also Granfinanciera,* 492 U.S. at 59 n. 14, 109 S.Ct. at 2799 n. 14; *In re The Leslie Fay Companies,* 181 B.R. 156, 159 (Bankr.S.D.N.Y.1995). Furthermore, the filing of an administrative claim does not waive a right of jury trial when a party demands a jury trial in an unrelated proceeding. *See, e.g., Bowers v. McGladrey & Pullen (In re Florida Hotel Properties Limited Partnership),* 163 B.R. 757 (W.D.N.C.1994).[7]

■ Notwithstanding Lu's failure to address the trustee's arguments, we continue to examine such arguments in light of current jurisprudence. Our first consideration is whether the filing of this adversary constitutes a "claim" against the estate. We hold that Lu asserted a "claim" against the bankruptcy estate by filing this adversary proceeding. Here Lu is suing the trustee in his capacity as trustee. Since collection of her damages is limited to the res of the bankruptcy estate, she necessarily has a claim against the estate. *Murray v. Richmond Steel & Welding Co. (In re Hudson),* 170 B.R. 868, 875 (E.D.N.C.1994), (seeking a piece of the bankruptcy estate recognized as a claim against the estate thus triggering claims-allowance process).[8]

---

7. Furthermore, Lu also misconstrued the trustee's reference to 28 U.S.C. § 959. Lu believes that the trustee cited this section and the cases cited therein to support the argument that the Court must approve any litigation against the trustee. We have reviewed the trustee's memorandum and found that the references were made to point out that a suit against a trustee necessarily involved a suit against the trustee in his administration of the estate. Therefore, we also decline to address this argument.

8. Lu's attempt to avoid the normal claims-allowance process by her assertion of an alleged post-petition injury against a trustee in the form of an adversary proceeding (which in essence is a post-petition claim against a corporation in the process of liquidating) may raise other implications not before us. Accordingly, we reserve judgment on any issues that may arise out of such implications.

The troublesome portion of our analysis is whether a "claim" against the estate is limited to a filing of a "proof of claim." We do not believe that a literal interpretation of the Supreme Court's decisions is warranted. Doing so would promote form over substance. Although *Katchen, Granfinanciera,* and *Langenkamp* involved the filing of *proofs* of claim, the substantive rationale in all three Supreme Court cases is clear: when the claims-allowance process is triggered, the bankruptcy court's equitable jurisdiction is also triggered, thereby rendering the right to a trial by jury waived. The fact that Lu has not filed a proof of claim does not overcome the teachings of *Katchen, Granfinanciera* and *Langenkamp.*

Many other courts have also looked to the substantive nature of a party's actions, rather than the form in which it was asserted, in considering the issue before us. *See Peachtree Lane Associates, Ltd. v. Granader,* 175 B.R. 232 (N.D.Ill.1994), (counterclaims asserted by defendants qualified as a claim thereby rendering right to jury trial waived); *Busch–Provo, Ltd. v. Sloan (In re Larsen),* 172 B.R. 988 (D.Utah 1993), (cross-claim filed by third party who, along with the trustee, were named as defendant in an interpleader action in which third party asserted claim in funds claimed by the trustee; claim was not the equivalent of filing a proof of claim and did not result in a waiver of jury trial because the action did not assert a claim for a share of the estate); *Hassett v. BancOhio National Bank (In re CIS Corporation),* 172 B.R. 748 (S.D.N.Y.1994), (right to jury trial not waived on filing of motion compelling assumption or rejection of executory contracts because the creditor did not file a proof of claim nor sought to assert a claim against the estate); *Murray v. Richmond Steel & Welding Company (In re Hudson),* 170 B.R. 868 (E.D.N.C.1994), (creditor's filing of a counterclaim in adversary proceeding qualified as filing of "claim," triggering non-jury allowance process); *Bonneville Pacific Service Company, Inc. v. California Energy Development Corporation (In re Segal),* 167 B.R. 667 (D.Utah 1994), (buyer lost its right to jury trial when it filed a counterclaim against the estate); *Rushton v. Philadelphia Forest Products, Inc. (In re Americana Expressways, Inc.),* 161 B.R. 707 (D.Utah 1993); (creditor's counterclaim defeated right to jury trial); *Allied Companies v. Holly Farms Foods, Inc. (In re Allied Companies, Inc.),* 137 B.R. 919 (S.D.Ind. 1991), (no jury trial where relief in counterclaim implicates bankruptcy court's claims-allowance process); *Schwinn Plan Committee v. AFS Cycle & Co., Ltd., (In re Schwinn Bicycle Co.),* 184 B.R. 945 (Bankr.N.D.Ill. 1995), (jury trial waived by filing a counterclaim because the counterclaim was effectively a claim against the estate assets); *Jobin v. Arnot (In re M & L Business Machine Company, Inc.),* 178 B.R. 270 (Bankr.D.Col. 1995), (creditor did not waive right to jury trial in asserting of setoff and recoupment because it did not seek affirmative relief or damages against bankruptcy estate); *Shields v. Ciccone (In re Lloyd Securities, Inc.),* 156 B.R. 750 (Bankr.E.D.Pa.1993), (creditor waived right to jury trial by filing counterclaim that triggered claims-allowance process); *Sunset Beach, Ltd. v. Stocks (In re Stocks),* 137 B.R. 516 (Bankr.N.D.Fla.1991), (creditor was entitled to jury trial because documents filed by the creditor did not constitute an informal proof of claim); *Siemens Components, Inc. v. Choi (In re Choi),* 135 B.R. 649, 652 (Bankr.N.D.Ca.1991), (creditor waived its right to jury trial by voluntarily filing dischargeability complaint because such proceedings are integral to the restructuring of the debtor-creditor relationship); *Leslie Salt Company v. Marshland Development, Inc. (In re Marshland Development),* 129 B.R. 626, 631 (Bankr.N.D.Ca.1991), (removal of state court action to bankruptcy court by a creditor is tantamount to the filing of a proof of claim in bankruptcy court because action became a claims-resolution proceeding that is integral to the restructuring of the debtor-creditor relationship; debtor's answer to complaint was analogous to an objection to claim in bankruptcy court); *Taubman Western Associates, No. 2 v. Beugen (In re Beugen),* 81 B.R. 994 (Bankr.N.D.Cal.1988), (no jury trial right for creditor because pre-petition suit against the debtor was a claim against the estate); *See also In re Pigott,* 684 F.2d 239 (3rd Cir.1982), (mere listing of creditor in schedules is insufficient to constitute filing of a claim).

There is an additional ground for denying Lu a jury trial although neither party argued this ground. We have found several cases, including a Fourth Circuit case, that denied the right to a jury trial when suing a trustee. In *Yadkin Valley Bank & Trust Co. v. McGee (In re Hutchinson)*, 5 F.3d 750, 757 (4th Cir.1993), the Fourth Circuit held that the basis for trustee liability is the equitable power of courts to enforce fiduciary duties. The Court concluded that because a claim for breach of fiduciary duty is equitable in nature, it follows that there is no right to jury trial. *Id.* at 757. Other courts have held similarly. *See Hallock v. Key Federal Savings Bank (in re Silver Oak Homes, Ltd.)*, 167 B.R. 389 (Bankr.D.Md.1994); *Fairway Investments Trust, Ltd. v. Wright, (In re American Solar King)*, 142 B.R. 772, 776 (Bankr.W.D.Tex.1992), (action against a trustee for misconduct in administering the estate is equitable and thus plaintiffs had no right to jury trial); *Baskin v. Wade (In re Brenner)*, 119 B.R. 495 (Bankr.E.D.Pa.1990), (suit against a trustee is a public action because it involves the administration of the bankruptcy case; duty of administering a bankruptcy case was congressionally-created and therefore "public"; proceeding falls within summary jurisdiction of the bankruptcy court and therefore no jury trial); *Grassmueck v. Foster (In re EZ Feed Cube Co.)*, 115 B.R. 684, 689 (Bankr.D.Ore.1990), (action against a trustee is equitable in nature because he may be surcharged for wrongful conduct or negligence; plaintiff not entitled to jury trial). *But see Bertholet v. Harman*, 126 B.R. 413, 416 (Bankr.D.N.H.1991), (action against a trustee for negligent and intentional misconduct in administering the estate was legal in nature; debtor entitled to jury trial). In the case at bar, we conclude that Lu is not entitled to a jury trial on this ground. Although the instant complaint does not allege that the trustee breached his fiduciary duties, we can infer that Lu is asserting this allegation. This is necessarily so because the allegations of the trustee's misconduct arose from his statutory duties—i.e., duty to marshal and liquidate property of the estate. Since Lu seeks to hold the trustee liable for acts derivative of his fiduciary duties, she is not entitled to a trial by jury.

## ORDER

For the reasons stated above, Yu–Shun Lu's demand for a trial by jury of this matter is DENIED. The demand for a trial by jury shall be stricken from the complaint.

IT IS SO ORDERED.