In re SOUTHERN TEXTILE
KNITTERS, INC.,
Debtor.

Robert F. Anderson, Trustee, Plaintiff,

v.

Samuel H. Simchon, Levy Simchon, Rebecca Simchon, Oded Simchon, Renee Simchon, Southern Textile Knitters of Greenwood, Inc., STK de Honduras Sewing, Inc., Excel Dyeing and Finishing, Inc., Center Point Construction, Inc., and Old Fort Industrial Park, LLC, Defendants.

Bankruptcy No. 98–07203–W.
Adversary No. 99–80026–W.

United States Bankruptcy Court,
D. South Carolina.

May 21, 1999.

H. Flynn Griffin, Columbia, SC, for plaintiff.

Richard R. Gleissner, Columbia, SC, for defendants.

## ORDER

JOHN E. WAITES, Bankruptcy Judge.

THIS MATTER comes before the Court upon the Jury Demand found in the Answers filed by Samuel H. Simchon, Levy Simchon, Rebecca Simchon, Oded Simchon, Renee Simchon, Center Point Construction, Inc. ("Center Point"), Southern Textile Knitters of Greenwood, Inc. ("STK of Greenwood"), STK de Honduras Sewing, Inc. ("STK de Honduras"), Excel Dyeing and Finishing, Inc. ("Excel") and Old Fort Industrial Park, LLC ("Old Fort").

Based upon the arguments of counsel and a review of the pleadings, the Court makes the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

On January 26, 1999, the Trustee filed this adversary proceeding alleging the following causes of action: (a) turnover under 11 U.S.C. § 542,[1] (b) preferential transfer under § 547, (c) fraudulent transfer under § 548, (d) post-petition transfer outside the ordinary course of business under

---

1. Further references to the Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, shall be by section number only.

§ 549, (e) breach of fiduciary duty, (f) piercing of the corporate veil of the Debtor Southern Textile Knitters, Inc. ("STK" or "Debtor"), (g) aiding and abetting, (h) common law conversion, (i) fraudulent transfer under South Carolina Statutory Law, (j) civil conspiracy, (k) subordination of claims under § 510, and (1) an accounting.

The Defendants Samuel H. Simchon, Levy Simchon, Rebecca Simchon and Oded Simchon filed Answers to the Complaint as well as Counterclaims against the Trustee alleging (a) the negligent handling and destruction of an asset of the estate, specifically the unauthorized loss of an insurance claim, (b) the negligent and unjustified delay by the Trustee in distributing the proceeds of the sale of collateral to South-Trust Bank, N.A. ("SouthTrust"), and (c) the Trustee's intentional interference in the contractual relationship between Samuel H. Simchon and Amplicon Financial, Inc. ("Amplicon").

The Defendants Renee Simchon, Center Point, STK of Greenwood, STK de Honduras, Excel and Old Fort filed Answers to the Complaint but did not assert Counterclaims against the Trustee.

Of the Defendants, only Levy Simchon, Rebecca Simchon and Old Fort have filed proofs of claims.

## CONCLUSIONS OF LAW

■ The landmark decision on the issue of entitlement to a jury trial in the Bankruptcy Court is the 1989 Supreme Court opinion, *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989).

The Seventh Amendment provides: "In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved...." We have consistently interpreted the phrase "Suits at common law" to refer to "suits in which *legal* rights were to be ascertained and determined, in contradistinction to those where equitable rights alone were recog-

nized, and equitable remedies were administered." *Parsons v. Bedford,* 28 U.S. (3 Pet.) 433, 447, 7 L.Ed. 732 (1830).

*Granfinanciera, S.A. v. Nordberg,* 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989). Pursuant to the *Granfinanciera, S.A. v. Nordberg* analysis, the Court must review the individual claims that are being asserted to determine if the causes of action are legal or equitable in nature. However, before that inquiry is made, the Court must determine whether some or all of the Defendants have waived their Seventh Amendment right to a jury trial.

■ The Supreme Court has held that when defendants are entitled to a jury trial, such a right may be waived by the filing of a proof of claim.

In *Granfinanciera, S.A.,* we recognize that by filing a claim against the bankruptcy estate, the creditor triggers the process of "allowance and disallowance of claims," thereby subjecting himself to the bankruptcy court's equitable power.

*Langenkamp v. Culp,* 498 U.S. 42, 111 S.Ct. 330, 112 L.Ed.2d 343 (1990). In this adversary proceeding, the Defendants appear to concede that by filing proof of claim number 108 on December 16, 1998 in the amount of $102,868.95, the Defendants Levy Simchon and Rebecca Simchon have waived their right to a jury trial in this adversary proceeding. Similarly, the Defendant Old Fort filed a proof of claim, claim number 105, on December 16, 1998, in the amount of $227,020.00 thereby waiving its right to a jury trial.

■ Additionally, the Trustee takes the position that the Defendants Samuel H. Simchon, Levy Simchon, Rebecca Simchon and Oded Simchon have waived their right to a jury trial by *asserting Counterclaims against the Trustee. The Trustee argues that by filing the* Counterclaims, the Defendants submit to the equitable authority of the Bankruptcy Court and consequently waive their right to a jury trial. The Court agrees.

This court would not be alone in finding that a counterclaim is within the type of claims which eliminate the necessity for a jury trial under *Granfinanciera* and *Langenkamp*. In *Bayless v. Crabtree*, 108 B.R. 299 (W.D.Okla.1989), aff'd, 930 F.2d 32 (10th Cir.1991), the bankruptcy court ruled that a counterclaim was the sort of claim contemplated in *Granfinanciera* which resulted in a loss of entitlement to a jury trial. The court reasoned that:

> The term "claim" under the bankruptcy laws includes virtually all legal or equitable rights to payment and is broadly construed. Moreover, written proofs of claim need not adhere to the official forms to be acceptable. Furthermore, the Court notes that the principle of jurisdiction by consent . . . has been held applicable where, instead of a proof of claim, the creditor asserts a claim for affirmative relief.

*Bayless*, 108 B.R. at 305 (citations omitted). The *Bayless* court concluded that by filing a counterclaim, the defendants had submitted to the equitable jurisdiction of the bankruptcy court, thereby losing their entitlement to a jury.

*In re Allied Companies, Inc.*, 137 B.R. 919 (S.D.Ind.1991). According to the Defendants' Memorandum in Opposition to Motion for Summary Judgment, and statements of counsel for the Defendants that the Defendants agreed to strike any request in the Counterclaims for personal liability against the Trustee, it is clear that the Counterclaims are against the Trustee in his official capacity.[2] As stated by the Bankruptcy Court for the Eastern District of Virginia, a claim against a Chapter 7 trustee in his representative capacity implicates the claims allowance process and

therefore acts as a waiver of the creditor's right to a jury trial.

Our first consideration is whether the filing of this adversary constitutes a "claim" against the estate. We hold that Lu asserted a "claim" against the bankruptcy estate by filing this adversary proceeding. Here Lu is suing the trustee in his capacity as trustee. Since collection of her damages is limited to the res of the bankruptcy estate, she necessarily has a claim against the estate. *Murray v. Richmond Steel & Welding Co. (In re Hudson)*, 170 B.R. 868, 875 (E.D.N.C.1994), (seeking a piece of the bankruptcy estate recognized as a claim against the estate thus triggering claims-allowance process).

*In re Sunshine Trading & Transportation Co., Inc.*, 193 B.R. 752 (Bkrtcy.E.D.Va. 1995). In *Sunshine Trading*, the Court was confronted with an adversary proceeding that was filed against a Chapter 7 trustee, not a counterclaim. However, the Court after extensive research, found that a "claim" was not limited to the filing of a "proof of claim."

> The troublesome portion of our analysis is whether a "claim" against the estate is limited to a filing of a "proof of claim." We do not believe that a literal interpretation of the Supreme Court's decisions is warranted. Doing so would promote form over substance. Although *Katchen, Granfinanciera* and *Langenkamp* involved the filing of proofs of claim, the substantive rationale in all three Supreme Court cases is clear: when the claims-allowance process is triggered, the bankruptcy court's equitable jurisdiction is also triggered, thereby rendering the right to a trial by jury waived.

---

**2.** While the Defendants also agreed that under the Counterclaims they would not seek recovery from assets of the bankruptcy estate, only from the bond of the Trustee, this Court believes, for purposes of determining the right to jury trial, that any such action against a Trustee in his official capacity is necessarily a claim against the estate and integral to the restructuring of the debtor-creditor relationships through the Bankruptcy Court's equitable jurisdiction. Furthermore, the Court notes that the Defendants have failed to comply with Rule 2010(b) of the Federal Rules of Bankruptcy Procedure regarding a proceeding on a Trustee's bond, indicating that the source for any recovery would be from the bankruptcy estate.

The fact that Lu has not filed a proof of claim does not overcome the teachings of *Katchen, Granfinanciera* and *Langenkamp.*

*In re Sunshine Trading & Transportation Co., Inc.,* 193 B.R. at 756. The *Sunshine Trading* Court also noted the many other courts that had found the filing of a counterclaim was the equivalent of asserting a claim.

Many other courts have also looked to the substantive nature of a party's actions, rather than the form in which it was asserted, in considering the issue before us. See *Peachtree Lane Associates, Ltd. v. Granader,* 175 B.R. 232 (N.D.Ill.1994), (counterclaims asserted by defendants qualified as a claim thereby rendering right to jury trial waived); *Busch–Provo, Ltd. v. Sloan (In re Larsen),* 172 B.R. 988 (D.Utah 1993), (crossclaim filed by third party who, along with the trustee, were named as defendant in an interpleader action in which third party asserted claim in funds claimed by the trustee; claim was not the equivalent of filing a proof of claim and did not result in a waiver of jury trial because the action did not assert a claim for a share of the estate); *Hassett v. BancOhio National Bank (In re CIS Corporation),* 172 B.R. 748 (S.D.N.Y. 1994), (right to jury trial not waived on filing of motion compelling assumption or rejection of executory contracts because the creditor did not file a proof of claim nor sought to assert a claim against the estate); *Murray v. Richmond Steel & Welding Company (In re Hudson),* 170 B.R. 868 (E.D.N.C.1994), (creditor's filing of a counterclaim in adversary proceeding qualified as filing of "claim," triggering non-jury allowance process); *Bonneville Pacific Service Company, Inc. v. California Energy Development Corporation (In re Segal),* 167 B.R. 667 (D.Utah 1994), (buyer lost its right to jury trial when it filed a counterclaim against the estate); *Rushton v. Philadelphia Forest Products, Inc. (In re Americana Expressways,*

*Inc.),* 161 B.R. 707 (D.Utah 1993); (creditor's counterclaim defeated right to jury trial); *Allied Companies v. Holly Farms Foods, Inc. (In re Allied Companies, Inc.),* 137 B.R. 919 (S.D.Ind. 1991), (no jury trial where relief in counterclaim implicates bankruptcy court's claims-allowance process); *Schwinn Plan Committee v. AFS Cycle & Co., Ltd., (In re Schwinn Bicycle Co.),* 184 B.R. 945 (Bankr.N.D.Ill.1995), (jury trial waived by filing a counterclaim because the counterclaim was effectively a claim against the estate assets); *Jobin v. Arnot (In re M & L Business Machine Company, Inc.),* 178 B.R. 270 (Bankr. D.Col.1995), (creditor did not waive right to jury trial in asserting of setoff and recoupment because it did not seek affirmative relief or damages against bankruptcy estate); *Shields v. Ciccone (In re Lloyd Securities, Inc.),* 156 B.R. 750 (Bankr.E.D.Pa.1993), (creditor waived right to jury trial by filing counterclaim that triggered claims-allowance process); *Sunset Beach, Ltd. v. Stocks (In re Stocks),* 137 B.R. 516 (Bankr. N.D.Fla.1991), (creditor was entitled to jury trial because documents filed by the creditor did not constitute an informal proof of claim); *Siemens Components, Inc. v. Choi (In re Choi),* 135 B.R. 649, 652 (Bankr.N.D.Ca.1991), (creditor waived its right to jury trial by voluntarily filing dischargeability complaint because such proceedings are integral to the restructuring of the debtor-creditor relationship); *Leslie Salt Company v. Marshland Development, Inc. (In re Marshland Development),* 129 B.R. 626, 631 (Bankr.N.D.Ca.1991), (removal of state court action to bankruptcy court by a creditor is tantamount to the filing of a proof of claim in bankruptcy court because action became a claims-resolution proceeding that is integral to the restructuring of the debtor-creditor relationship; debtor's answer to complaint was analogous to an objection to claim in bankruptcy court); *Taubman*

*Western Associates, No. 2 v. Beugen (In re Beugen),* 81 B.R. 994 (Bankr.N.D.Cal. 1988), (no jury trial right for creditor because pre-petition suit against the debtor was a claim against the estate); See also *In re Pigott,* 684 F.2d 239 (3rd Cir.1982), (mere listing of creditor in schedules is insufficient to constitute filing of a claim).

*In re Sunshine Trading & Transportation Co., Inc.,* 193 B.R. at 756, 757.

■ Additionally, an examination of the allegations of the first and second Counterclaims indicate that they assert a claim against the Trustee for a breach of fiduciary duty. In the first Counterclaim, the Defendants, Samuel H. Simchon, Levy Simchon, Rebecca Simchon and Oded Simchon allege damages due to the Trustee's negligent failure to pursue an insurance claim as an asset of the estate, failure to preserve evidence necessary to that claim, and for an improper abandonment of that claim. In the second Counterclaim, they allege a negligent failure to contact potential buyers for estate assets and a failure to timely distribute proceeds of sale to a lienholder. Such allegations assert a breach of the Trustee's duties under 11 U.S.C. § 704. Such claims against a Trustee are equitable in nature and therefore these Defendants are not entitled to a jury trial. *In re Hutchinson,* 5 F.3d 750, 757 (4th Cir.1993). Also, see *In re Carter Paper Co., Inc.,* 220 B.R. 276 (Bkrtcy. M.D.La.1998).

Based upon these authorities, the Court finds that by filing Counterclaims against the Trustee in his representative capacity, the Defendants Samuel H. Simchon, Levy Simchon, Rebecca Simchon, and Oded Simchon, have waived their Seventh Amendment right to a jury trial in this adversary proceeding.[3]

As to the remaining Defendants that have not filed a proof of claim or asserted a Counterclaim against the Trustee, Renee Simchon, STK of Greenwood, STK de Honduras, Excel and Center Point, the Court must review the individual causes of action to determine if the claim is legal or equitable and whether the Defendants have a right to a jury trial.

■ As to the (12) twelve individual causes of action asserted by the Trustee, the parties are in agreement that these remaining nonwaiving Defendants are entitled to a jury trial on the second cause of action for the recovery of preferential transfers pursuant to 11 U.S.C. § 547, the third cause of action for the recovery of fraudulent transfers pursuant to 11 U.S.C § 548, the fifth cause of action alleging breach of fiduciary duty, the seventh cause of action for aiding and abetting; the eighth cause of action for conversion, the ninth cause of action for the avoidance of fraudulent transfers pursuant to S.C.Code § 27–23–10 and the tenth cause of action for civil conspiracy.

■ The parties also appear to be in agreement that the fourth cause of action seeking to avoid post-petition transfers pursuant to 11 U.S.C. § 549, the eleventh cause of action seeking subordination of the insiders' claims and the sixth cause of action requesting that the corporate veil be pierced regard the administration of the estate and are within the equitable jurisdiction of the court and therefore these Defendants are not entitled to a jury trial. *See In re M & L Business Machine Co., Inc.,* 59 F.3d 1078 (10th Cir.1995) and *In re Lands End Leasing, Inc., supra.*

3. As to the third Counterclaim, a review of the contract which is the subject of that Counterclaim indicates that Samuel H. Simchon individually is a party to the contract, but that Levy Simchon, Rebecca Simchon and Oded Simchon are not parties to the contract. It appears from the allegations that any claim asserted by Levy Simchon, Rebecca Simchon and Oded Simchon in the third Counterclaim would be based upon a breach of fiduciary duty by the Trustee, which as stated above is equitable in nature. In as much as the entitlement to a jury trial is decided upon other grounds, the Court will not decide this issue regarding the nature of the third Counterclaim at this time.

However, the parties are in disagreement as to these remaining Defendants' entitlement to a jury trial on the first cause of action requesting the turnover of property pursuant to § 542 and the twelfth cause of action requesting an accounting.

As to the first cause of action requesting the turnover of property and the twelfth cause of action requesting an accounting, these remaining Defendants take the position that while these are core proceedings specifically listed in 28 U.S.C. § 157(b)(2)(E), that when contested, an action for turnover is an issue at law because its state court counterparts are either an action for claim and delivery or an action for forfeiture and as for the accounting cause of action, when the accounting is incidental to a the turnover of property, which these Defendants assert is an action at law, the accounting must also be an action at law. The Court disagrees.

*Granfinanciera* requires a three-part analysis to determine whether there is a right to a jury trial. See *id.* at 43, 109 S.Ct. at 2791. First, the court must compare the action to actions brought in 18th century England before the fusion of the courts of law and equity. *Id.* Secondly, and more importantly, the court must determine whether the remedy sought is legal or equitable in nature. *Id.*

Lastly, where the preceding analysis yields the right to a jury trial, the court must ascertain whether Congress may or has assigned resolution of the specific claim to a non-Article III tribunal that does not employ a jury as a factfinder. *Id.*

Application of the *Granfinanciera* factors to the trustee's claims for a turnover and accounting yields the conclusion that the defendants are not entitled to a jury trial on Counts I, II or III of the verified complaint.

*In re Lands End Leasing, Inc.,* 193 B.R. 426 (Bkrtcy.D.N.J.1996). As the first cause of action *requesting the turnover of property* and the twelfth cause of action requesting an accounting are equitable in nature, these Defendants are not entitled to a jury trial on those causes of action.

## CONCLUSION

For all of these reasons, it is the finding of the Court that Samuel H. Simchon, Levy Simchon, Rebecca Simchon, Oded Simchon and Old Fort have waived their right to a jury trial in this proceeding. As to the Defendants Renee Simchon, STK of Greenwood, STK de Honduras, Excel and Center Point, they are entitled to a jury trial only on the second cause of action for the recovery of preferential transfers pursuant to 11 U.S.C. § 547, the third cause of action for the recovery of fraudulent transfers pursuant to 11 U.S.C. § 548, the fifth cause of action alleging breach of fiduciary duty, the seventh cause of action for aiding and abetting; the eighth cause of action for conversion, the ninth cause of action for the avoidance of fraudulent transfers pursuant to S.C.Code § 27–23–10 and the tenth cause of action for civil conspiracy. As to the remaining causes of action, they are not entitled to a jury trial.

Subject to further order, this Court will retain this adversary proceeding and determine pretrial issues on all causes of action and as to all of the Defendants up to the point of and including a final pretrial conference, preserving the right to jury trial for the entitled Defendants as stated herein and preserving the parties' mutual right to have any jury trial conducted in the United States District Court for the District of South Carolina pursuant to Local Rule 9015–1. At that time, by further order the Court shall address the trial of these matters.

**AND IT IS SO ORDERED.**