**In re Thomas Aloysius WARMUS, Debtor.**

**Kenneth A. Welt, Chapter 11 Trustee for the Bankruptcy Estate of Thomas Aloysius Warmus, and Liquidating Trustee of the Thomas Aloysius Warmus Liquidating Trust, Plaintiff,**

v.

**Randall L. Leshin and Randall L. Leshin, P.A., Defendants.**

Bankruptcy No. 94–24673–BKC–RBR. Adversary No. 00–2046–BKC–RBR–A.

United States Bankruptcy Court, S.D. Florida, Broward Division.

Aug. 23, 2000.

Harold D. Moorefield, Jr., Stearns Weaver Miller Weissler, Alhadeff & Sitterson, Miami, FL, for plaintiff.

Randall L. Leshin, Pompano Beach, FL, for defendants.

### ORDER GRANTING TRUSTEE WELT'S MOTION TO (A) STRIKE DEMAND FOR JURY TRIAL AND (B) DISMISS COUNTS II AND III OF COUNTER–CLAIM

RAYMOND B. RAY, Bankruptcy Judge.

On July 21, 2000, the Court held a hearing to consider Trustee Welt's *Motion to (A) Strike Jury Demand and (B) Dismiss Counts II and III of Counter–Claim* ("Motion") (Adv.C.P.34). The Court has carefully considered the Motion and the arguments made by the parties at the hearing. Furthermore, the Court has considered and takes judicial notice of the history of the above-captioned bankruptcy case ("Warmus Estate") and its related adversary proceedings. Being completely advised in the premises, the Court makes the following findings of fact and conclusions of law.

## I. *Relevant Background*[1]

On February 2, 2000, Trustee Welt, not individually but solely in his capacity as trustee, filed his *Complaint to Compel Turnover of Estate Property or to Recover the Proceeds of Unauthorized Post–Petition or Fraudulent Transfers* in this matter. The complaint was amended shortly thereafter (collectively, the "Complaint"). (Adv.C.P. 1 and 18). The Complaint seeks recovery of property of the Warmus Estate, pursuant to 11 U.S.C. §§ 542 and 550, consisting of the value/proceeds of a certain Piper Saratoga aircraft. In particular, Trustee Welt is seeking to collect the property and transfers described in the Final Judgment entered by this Court on December 3, 1999, in the related adversary proceeding styled *Trustee Welt v. Investment Lease Corp. et. al.*, 96–1325–BKC–RDR–A ("Piper Case") (PACP 17C).[2]

On June 6, 2000, Defendants filed an Answer to the Complaint which contains a three-Count "Counterclaim" ("Counterclaim"). In Count I of the Counterclaim, the Defendants sue the Trustee, KENNETH A. WELT, and by implication, the Warmus Bankruptcy Estate, for fraud. (Adv.C.P. 28 at pp. 11–17). Counts II and III of the Counterclaim are asserted against Investment Lease Corporation ("Lease Corp.") and Mae Muir VanderPlate ("VanderPlate"), neither of whom is a party to this proceeding. (Adv.C.P. 28 at pp. 15–pp. 17–19). Defendants also demand a jury trial on all claims so triable as a matter of right. (Adv.C.P.28).

In the Motion, Trustee Welt asks the Court to strike Defendants' demand for jury trial and to dismiss Counts II and III of Defendants' Counterclaim. For the reasons set forth below, the Motion is granted, and accordingly, Defendants' jury demand is stricken and Counts II and III of the Counterclaim are dismissed.

## II. *Defendants Are Not Entitled to Trial by Jury*

### A. *No Right to Jury Trial on Complaint*

■ First, the Court finds that the Defendants are not entitled to a jury trial on any claim set forth in the underlying Complaint, which claims are derivative of the claims resolved in the Final Judgment pursuant to 11 U.S.C. §§ 542 and 550. In analyzing the right to a jury trial, the Court initially must determine whether the action would have been "at law" or "in equity" in the 18th century courts of England. Next, the Court must consider whether the relief sought is legal or equitable in nature. If the Court determines the action is distinctly equitable, then there is no right to a jury trial. *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 42, 109 S.Ct. 2782, 2790, 106 L.Ed.2d 26 (1989).[3]

In the Complaint *sub judice*, Trustee Welt seeks relief that is equitable in nature, and therefore, Defendants are not entitled to a jury trial on the claims raised in the Complaint. As described above, the Complaint seeks turnover and/or recovery of property of the Warmus Estate (i.e. the value of the Saratoga or its proceeds) pur-

---

1. Citations to the record in what is herein described as the Piper Case shall be reflected as "PACP ____". Citations to the record in the above-styled adversary proceeding shall be reflected herein as "Adv.C.P. _____."

2. The crux of the Piper Case was that the Piper Saratoga aircraft and its proceeds constituted property of the Warmus Estate which were improperly transferred post-petition. Trustee Welt sought recovery of the value of the Piper Saratoga and/or its proceeds pursuant to 11 U.S.C. §§ 362, 541, 542, 544(b) and 549. In the Final Judgment, the Piper Sara-

toga and its proceeds were declared property of the Warmus Estate, and the transfer of the Piper Saratoga and its proceeds was avoided pursuant to 11 U.S.C. §§ 362, 544(b) and 549. (PACP 170).

3. If the action is distinctly legal in nature, then the court must consider whether Congress assigned the resolution of the relevant claim to a non-Article III adjudicative body that does not use a jury as a fact finder. *Id.* Since the Complaint seeks equitable relief, this element of the analysis is not relevant here.

suant to 11 U.S.C. §§ 542 and 550. These claims are mere extensions of the claims adjudicated in the Final Judgment—that the Saratoga and its proceeds were property of the Warmus Estate, pursuant to 11 U.S.C. § 541, which were improperly transferred post-petition pursuant to 11 U.S.C. § 549. Therefore, the claims set forth in Trustee Welt's Complaint are firmly rooted in protecting and preserving property of the Warmus Estate, and thus, are clearly and uniquely equitable claims under the Bankruptcy Code. *See, e.g., Jobin v. Youth Benefits Unlimited, Inc. (In re M & L Business Machine Co., Inc.)*, 59 F.3d 1078, 1082 (10th Cir.1995) (no right to a jury trial on claims for recovery of post-petition transfers under 11 U.S.C. § 549 because statute designed to protect the bankruptcy estate following its inception); *Stalford v. Blue Mack Transport, Inc. (In re Lands End Leasing, Inc.)*, 193 B.R. 426, 432 (Bankr.N.J.1996) (claims for turnover and for avoiding post-petition transfers are equitable in nature and do not provide a right to jury trial under *Granfinanciera* analysis).

■ Furthermore, even assuming *arguendo* that Defendants have a right to jury trial on the Complaint, such right was waived when Defendants filed their Counterclaim seeking damages against Trustee Welt and the Warmus Estate. A party that files a claim against the bankruptcy estate is not entitled to a jury trial because, by filing a claim, the creditor submits to the equitable jurisdiction of the bankruptcy court. *Langenkamp v. Culp*, 498 U.S. 42, 111 S.Ct. 330, 331, 112 L.Ed.2d 343 (1990); *Granfinanciera*, 492 U.S. at 58–59, and n. 14, 109 S.Ct. at 2799–2800, and n. 14 (citing *Katchen v. Landy*, 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966)).

Here, in Count I of their Counterclaim, Defendants request unspecified damages against Trustee Welt and the Warmus Estate for fraud in the procedural manner in which Trustee Welt obtained the Final Judgment. The fact that Defendants chose to file a Counterclaim against Trustee Welt, as trustee/plaintiff, as opposed to filing a third-party complaint against Trustee Welt, individually and as third-party defendant, illustrates Defendants intention to obtain recovery from the Warmus Estate as opposed to Trustee Welt personally. *Compare, e.g.,* Fed.R.Bankr.P. 7013 and 7014. Therefore, assuming *arguendo* that Defendants had a right to jury trial, such right was waived upon the filing of the Counterclaim, and Defendants have submitted to the equitable jurisdiction of the bankruptcy court. *See, e.g., Langenkamp*, 498 U.S. at 44, 111 S.Ct. at 331; *see also Anderson v. Simchon (In re Southern Textile Knitters, Inc.)*, 236 B.R. 207 (Bankr.D.S.C.1999) (defendants waived right to jury trial by filing counterclaim against trustee in official capacity); *Lu v. Grant (In re Sunshine Trading & Transp. Co. Inc.)*, 193 B.R. 752 (Bankr.E.D.Va. 1995) (adversary proceeding against trustee seeking damages constituted claim against the estate and waiver of right to jury trial; no right to jury trial in proceeding against trustee).

### B. *No Right to Jury Trial on Count I of Counterclaim*

Defendants alternatively argue that they did not waive their right to a jury trial as to Count I of the Counterclaim because it represents a compulsory counterclaim pursuant to Fed.R.Bankr.P. 7013(a). As stated above, in Count I of the Counterclaim, Defendants sue Trustee Welt and the Warmus Estate for unspecified damages arising from a purported fraud in the procedural manner in which Trustee Welt obtained the Final Judgment. Defendants argue that the "fraud" claim is a compulsory Counterclaim and, therefore, Defendants did not voluntarily submit the adjudication of this claim to the Court, thereby waiving their right to a jury trial.

■ The Court rejects the Defendants' argument for two reasons. First, the Court finds that Count I of the Counterclaim is not compulsory because it relates

to the purported fraud by Trustee Welt in obtaining the Final Judgment. Conversely, the Final Judgment and the Complaint in this proceeding arise our of and relate to the sale of the Saratoga and the transfer of its proceeds. The claims do not arise out of the same transaction or occurrence. Accordingly, the filing of Count I of the Counterclaim was permissive as opposed to mandatory.

■ Second, the Court finds that the mandatory or permissive nature of the Counterclaim is irrelevant because the Counterclaim seeks damages from the estate, which is subject to the bankruptcy court's equitable powers. *O'Neill v. New England Road, Inc. (In re Neri Bros. Constr. Corp.)*, 2000 WL 435507 (D.Conn. Feb. 28, 2000); *Peachtree Lane Assocs., Ltd. v. Granader*, 175 B.R. 232 (N.D.Ill. 1994).

For each of the foregoing reasons, Defendants' demand for jury trial must be stricken.

### III. Counts II and III of the Counterclaim Fail to State a Claim

■ Finally, Counts II and III of Defendants' Counterclaim assert claims solely against Lease Corp. and VanderPlate, neither of whom is a party to this adversary proceeding. Furthermore, the issues presented in Counts II and III of Defendants' Counterclaim involve a dispute between two non-debtor parties, contain no federal or bankruptcy issues, and do not otherwise relate to the Complaint.[4] Therefore, Count II and III were not properly joined in this action.

A defendant's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), as adopted by Fed.R.Bankr.P. 7012(b)(6), for failure to

state a claim should be granted when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *See Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). In evaluating the sufficiency of the claim, all facts stated in the complaint are accepted as true. *See Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232–2233, 81 L.Ed.2d 59 (1984). All factual issues are to be resolved in favor of the plaintiff. *See Quinones v. Durkis*, 638 F.Supp. 856, 858 (S.D.Fla.1986).

Even assuming the truth of all facts averred in Counts II and III, this Court is without jurisdiction to confer any relief as neither Lease Corp. nor VanderPlate is a party to this proceeding. Moreover, the issues raised by Counts II and III are between non-debtor parties and contain no federal or bankruptcy issues. Therefore, they are not core proceedings.

### IV. Conclusion

For the reasons discussed herein, it is—

**ORDERED** and **ADJUDGED** as follows:

1. The Motion is GRANTED in all respects.

2. Defendants' demand for jury trial is hereby stricken.

3. Counts II and III of Defendants' Counterclaim are hereby dismissed, with prejudice.

---

4. Count II of the Counterclaim sets forth a claim for breach of contract for legal services against a non-party. Count III appears to set forth a claim for fraudulent inducement to contract for legal services.