In re SILVER EAGLE COMPANY,
Debtor.

No. 300–34096–ELP7.

United States Bankruptcy Court,
D. Oregon.

April 16, 2001.

Ralph W. Jones, District Counsel, Internal Revenue Service, Portland, OR, for I.R.S.

Jeffrey M. Wong, Greene & Markley PC, Portland, OR, for Robert K. Morrow, Inc.

Robert K. Morrow, Chapter 7 Trustee, San Francisco, CA.

MEMORANDUM OPINION

ELIZABETH L. PERRIS, Bankruptcy Judge.

The Internal Revenue Service ("the IRS") seeks relief from the automatic stay in order to set off its claim for tax penalties against a tax refund due to the chapter 7 estate of debtor Silver Eagle Company ("Debtor"). The issue is whether the court should exercise its discretion to deny the setoff based on the Bankruptcy Code's unfavorable treatment of non-pecuniary loss penalty claims in chapter 7 cases. For the reasons discussed below, I will grant the motion for relief from stay to effectuate the setoff.

## BACKGROUND

The parties agree that the facts in this case are as follows. Debtor filed a chapter 7 petition on May 26, 2000. Debtor's estate is owed a refund from the IRS in the amount of $124,269 as a result of Debtor's overpayment of taxes attributable to the 1998 tax year. The IRS filed a proof of claim in the amount of $55,218.65. Of this amount, $23,860.65 is attributable to prepetition tax penalties.

The IRS filed a motion for relief from stay asking that it be allowed to set off its entire claim against the refund owed to Debtor. The Trustee objected to the motion insofar as the IRS sought to set off the Debtor's liability for the $23,860.65 attributable to "non-pecuniary loss tax penalties." The Trustee asserts that setoff should be denied because "[t]he estate is insolvent and the IRS' recovery of these penalty claims will occur at the expense of other unsecured creditors who seek recovery for real pecuniary losses." Trustee's Brief on IRS Setoff Against Penalty Claims, page 1, lines 22–24.

## ISSUE

Whether the court should exercise its equitable discretion to deny the IRS's request to set off its claim for prepetition tax penalties against the tax refund owed to Debtor.[1]

## DISCUSSION

Section 542(b) provides that "an entity that owes a debt that is property of the estate … shall pay such debt to … the trustee, except to the extent that such debt may be offset under section 553 of this title against a claim against the debtor." Section 553(a) provides that, with certain exceptions:

this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case[.]

The exceptions set forth in § 553 are not applicable in this case.

■■■ The allowance or disallowance of a setoff is a decision which rests within the sound discretion of the trial court. *In re Medina*, 205 B.R. 216, 223 (9th Cir. BAP 1996). However, "the setoff right is an established part of our bankruptcy laws and should be enforced unless compelling circumstances require otherwise." *Id. See also In re Buckenmaier*, 127 B.R. 233, 237 (9th Cir. BAP 1991) (compelling reasons required to disallow setoff). Setoffs have a long and venerable history and are so favored in bankruptcy that a presumption in favor of their enforcement exists. *In re DeLaurentiis Entertainment Group Inc.*, 963 F.2d 1269, 1277 (9th Cir.1992).

■■■ Section 553 "is not an independent source of law governing setoff[.]" *Newbery Corp. v. Fireman's Fund Ins. Co.*, 95 F.3d 1392, 1398 (9th Cir.1996) (quoting *In re Cascade Roads, Inc.*, 34 F.3d 756, 763 (9th Cir.1994)). Rather, it preserves a creditor's right to setoff under nonbankruptcy law. *In re Hal, Inc.*, 122 F.3d 851, 852 (9th Cir.1997); *Newbery*, 95 F.3d at 1398.

■■■ To enforce a setoff right, a creditor must establish that it has a right of setoff under nonbankruptcy law and that the requirements of § 553 are met. *In re Luz Int'l, Ltd.*, 219 B.R. 837, 843 (9th Cir. BAP 1998).

1. Although this matter arises on a motion for relief from stay, the only defense to relief from stay is the argument raised by the trustee that setoff should be denied.

In determining whether the right to set-off should be preserved in bankruptcy under § 553, the party asserting setoff must demonstrate the following: (1) the debtor owes the creditor a prepetition debt; (2) the creditor owes the debtor a prepetition debt; and (3) the debts are mutual.

*Id.*

 The Trustee does not dispute that the IRS is entitled to offset its claim under federal statutory and common law, *see* 26 U.S.C. § 6402[2] and *United States v. Munsey Trust Co.*, 332 U.S. 234, 108 Ct.Cl. 765, 67 S.Ct. 1599, 91 L.Ed. 2022 (1947), or that the requirements of § 553 are met. Instead, he contends that the court should exercise its equitable power under § 105(a)[3] and deny the requested setoff solely because of the Bankruptcy Code's unfavorable treatment of non-pecuniary loss penalties under §§ 724(a) and 726(a)(4). Section 726(a)(4) provides that a claim for a non-pecuniary loss penalty is subordinate to most other types of claims for purposes of distribution of estate as-sets in a chapter 7 case. Under § 724(a), a chapter 7 trustee may avoid a lien securing a claim of a kind specified in § 726(a)(4).[4]

I am not persuaded by the Trustee's argument. The Trustee purports to base his request for denial of the setoff on the court's discretionary power to deny setoff based on general equitable principles. However, this case does not have the type of facts or the procedural posture that provide a sufficient basis for the court to exercise its discretion to overcome the statutory presumption favoring preserva-tion of setoff rights.[5]

In reality, the Trustee is not requesting that the court exercise its discretion to deny the requested setoff based on general equitable principles. Instead, he is advo-cating adoption of a rule of law that would deny the offset of subordinated penalty claims in chapter 7 cases. The problem with the Trustee's argument is that it is inconsistent with the statutory scheme set forth in § 553.

---

**2.** 26 U.S.C. § 6402 provides as follows:
(a) General rule.—In the case of any over-payment, the Secretary, within the applica-ble period of limitations, may credit the amount of such overpayment, including any interest allowed thereon, against any liabili-ty in respect of an internal revenue tax on the part of the person who made the over-payment. . . .

**3.** Section 105(a) states in part that "[t]he court may issue any order, process, or judg-ment that is necessary or appropriate to carry out the provisions of this title."

**4.** The right to setoff, although often analo-gized to a security interest or a lien, is in reality a defense to payment. *See* BLACK'S LAW DICTIONARY 1376 (7th ed.1999) (defining a set-off as a debtor's right to reduce the amount of a debt by any sum the creditor owes the debtor).

**5.** The Trustee cites *In re Cascade Roads, Inc.*, 34 F.3d 756 (9th Cir.1994), and *In re Moore*,

200 B.R. 687 (Bankr.D.Or.1996), both of which presented compelling circumstances warranting the denial of setoff based on gen-eral equitable principles. In *Cascade Roads*, the court noted that a court may exercise its discretion to deny setoff under general equita-ble principles. 34 F.3d at 763. The court affirmed the bankruptcy court's denial of set-off based upon the fact that the case was "replete with inequitable conduct" on the part of the party seeking setoff. *Id.* at 762. In this case, there is no allegation that the IRS has acted improperly or inequitably. In *Moore*, the bankruptcy court allowed the IRS to offset its claim against a tax refund due to the chapter 13 debtors. However, in order to insure the feasibility of the debtors' chapter 13 plan, the court required the IRS to allocate the funds set off to the portion of the claim entitled to priority. 200 B.R. at 690. In contrast, this case is a chapter 7 liquidation, and plan feasibility is not a consideration.

Section 553(a) states that "this title does not affect any right of a creditor to offset...." The "title" referenced in § 553(a) includes §§ 724 and 726 upon which the Trustee relies. If Congress had wanted to deny a right to setoff for debts of a type specified under §§ 724 and 726, it would have included such debts among those specifically excepted from the scope of § 553(a). The language of § 553 establishes a right to setoff subject only to the exceptions enumerated in that section and is intended to "control notwithstanding any other provision of the Bankruptcy Code." *DeLaurentiis*, 963 F.2d at 1277 (resolving conflict between § 553 and § 1141 in favor of supremacy of § 553). *See also In re Padilla*, 222 F.3d 1184, 1192 (9th Cir.2000) (where both a specific and a general statute address the same subject matter, the specific statute takes precedence).

 Case law holds that the mere fact of subordination does not, by itself, provide a basis to deny setoff. In *In re Alliance Health of Fort Worth, Inc.*, 240 B.R. 699, 704–05 (N.D.Tex.1999), *aff'd*, 200 F.3d 816 (5th Cir.1999) (table), which involved the relative rights of a secured creditor and the IRS, the district court reversed the bankruptcy court's denial of a creditor's motion to lift the automatic stay to permit setoff. The court rejected the argument that setoff should be denied because the claim, which was comprised of tax penalties, would be subordinated to the claims of other creditors under § 726. The court concluded that, because the right to setoff is not affected by bankruptcy, the fact that a claim would be subordinated under § 726 has no relevance to the determination of whether to allow setoff.[6] 240 B.R. at 705.

The court's decision in *Alliance Health* is consistent with numerous cases allowing setoff in connection with subordinated claims. *See Hayden v. Standard Accident Ins. Co.*, 316 F.2d 598, 601 (9th Cir.1963) (Act case); *Rochelle v. United States*, 521 F.2d 844, 855 (5th Cir.1975) (Act case), *modified on other grounds*, 526 F.2d 405 (5th Cir.1976); *In re Sound Emporium, Inc.*, 70 B.R. 22, 24 (W.D.Tex.1987). *See also* Lawrence P. King et al., COLLIER ON BANKRUPTCY ¶ 553.03[3][e][vi] (15th ed. Rev.2000) ("In general, the priority of a claim is irrelevant under section 553, and subordinated claims are eligible for setoff notwithstanding the subordination.").

 The heart of the Trustee's argument is that the IRS's motion should be denied because allowing the setoff would unfairly prefer the IRS over other unsecured creditors. The Trustee is correct that setoffs run contrary to the fundamental bankruptcy policy of equal treatment of creditors by preserving "serendipitous advantages accruing to creditors who happen to hold mutual obligations, thus disfavoring other equally-deserving creditors...." *Newbery*, 95 F.3d at 1399 (quoting *In re Orange County*, 183 B.R. 609, 615 (Bankr. C.D.Cal.1995)). *See also In re Whimsy*, 221 B.R. 69, 75 (S.D.N.Y.1998) ("[I]nequality among creditors is inherent in the very nature of setoff."). Whatever the merits of the Trustee's argument as a matter of policy, the statutory structure of § 553 makes it clear that Congress generally intended to preserve the right to setoff in bankruptcy subject to the limitations set forth in that section. *See DeLaurentiis*, 963 F.2d at 1277 n. 18. The court's discretion to deny setoff does not provide a basis

---

**6.** The issue of the impact of § 726 on the decision of whether to allow setoff was specifically addressed in *Alliance Health*. In other cases, courts have allowed setoff of tax penalty claims without discussing the possible impact of §§ 724 and 726. *See, e.g., In re IML Freight, Inc.*, 65 B.R. 788 (Bankr.D.Utah 1986).

for creating the new legal rule advocated by the Trustee.

### CONCLUSION

For the reasons set forth above, I will grant the motion for relief from stay to allow the IRS to offset its claim for tax penalties against the refund owed to Debtor's estate. Counsel for the IRS shall submit an order within 10 days of the date this Memorandum Opinion is docketed.