**In re Judy A. MOORE, Debtor.**

**Ronald R. Sticka, Trustee, Plaintiff,**

v.

**Oregon State Lottery Commission, Defendant.**

**Bankruptcy No. 601–62971–AER7.**
**Adversary No. 03–6148–AER.**

United States Bankruptcy Court, D. Oregon.

March 14, 2005.

Ronald Sticka, Eugene, OR, for Plaintiff.

Michael W. Grant, Dept. of Justice, Salem, OR, for Defendant.

## MEMORANDUM OPINION

ALBERT E. RADCLIFFE, Chief Judge.

This matter comes before the court on Defendant Oregon State Lottery Commission's (Lottery) motion to dismiss this adversary proceeding, and the Chapter 7 Trustee's (Trustee) objection to the Oregon Department of Revenue's (ODR) proof of claim in the main case.

*Background:*

Debtor, Judy Moore, filed her Chapter 7 petition on April 20, 2001. Trustee filed this adversary proceeding to avoid a preferential transfer to Lottery in the amount of $10,000.00. Lottery filed a special appearance and moved to dismiss for lack of jurisdiction, based on Eleventh Amendment immunity.[1]

---

**1.** The Eleventh Amendment provides:
    The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens

In the main case, ODR filed proof of claim # 1 (the claim) for $15,026.26, $14,988.00 of which is claimed as priority.[2] The claim is for 1999 personal income taxes, interest and penalties thereon. Trustee objected claiming Lottery is liable in the preference action, asserting 11 U.S.C § 502(d) and setoff (through § 106(c))[3] as defenses. ODR asserted immunity as to the defenses, arguing §§ 106(c), and 502(d) are unconstitutional, as applied in this context. The court consolidated both matters, which after briefing and argument, are ripe for decision.[4]

*Adversary–Motion to Dismiss:*

*Rule 12   Standards:*

■ Lottery brings its motion to dismiss under FRCP 12(b)(1) (as incorporated by FRBP 7012(b)), based on lack of subject matter jurisdiction. It has sup-ported its motion with an affidavit. The court has reviewed said affidavit in considering the motion. *Savage v. Glendale Union High School,* 343 F.3d 1036, 1040, n. 2 (2003), *cert. den.,* 541 U.S. 1009, 124 S.Ct. 2067, 158 L.Ed.2d 618, (2004).[5]

*Abrogation:*

Lottery has raised an Eleventh Amendment immunity defense. Trustee has raised § 106(a), which abrogates that immunity with respect to actions under §§ 547, 550 and 551 as pled here[6]. In *Mitchell v. Franchise Tax (In re Mitchell),* 209 F.3d 1111 (9th Cir.2000), the court held § 106(a) unconstitutional[7] as applied to the states because in enacting this statute, Congress was not acting pursuant to a valid power to abrogate.[8] Thus, Plaintiff may not rely on § 106(a).

---

of another State, or by Citizens or Subjects of any Foreign State.
U.S. Const. amend XI.

**2.** Lottery has not filed a claim in this case.

**3.** Except as otherwise noted, all subsequent statutory references are to Title 11 of the United States Code.

**4.** The United States was given an opportunity under 28 U.S.C. § 2403 to intervene to defend the constitutionality of the applicable statutes. It has not done so.

**5.** [R]ule 12(b)(1) attacks on jurisdiction can be either facial, confining the inquiry to allegations in the complaint, or factual, permitting the court to look beyond the complaint. Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction.
*Savage, supra.* (internal citations omitted)

**6.** Section 106(a) provides in pertinent part:
Notwithstanding an assertion of sovereign immunity, sovereign immunity is abrogated as to a governmental unit to the ex-tent set forth in this section with respect to the following:
(1) Sections ...502... 547... 550... 551... of this title.

**7.** *Mitchell's* holding has recently been reaffirmed in *dicta. Krystal Energy Co. v. Navajo Nation,* 357 F.3d 1055, 1056, n. 2 (9th Cir. 2004), *cert. den.,* —— U.S. ——, 125 S.Ct. 99, 160 L.Ed.2d 118 (2004).

**8.** The Supreme Court in *Tennessee Student Assistance Corp. v. Hood,* 541 U.S. 440, 124 S.Ct. 1905, 158 L.Ed.2d 764 (2004) had, but avoided, the issue of § 106(a)'s constitutionality, basing its decision on the "in rem" exclusion to the Eleventh Amendment. Trustee has not raised the "in rem" exclusion as a defense to the immunity defense in the preference adversary. It should be noted that in *Hood* the court, in *dicta,* distinguished a § 523(a)(8) student loan discharge suit from a suit by a bankruptcy trustee to recover a preference, as here. *Id.* at ——, 124 S.Ct. at 1914. That *dicta* notwithstanding, it appears the only court to consider the issue post-*Hood,* has held the avoidance portion of a suit under § 547 is "in rem," although any recovery under § 550 would probably not be. *Official Committee of Unsecured Creditors v. PUC of California (In re 360networks (USA) Inc.),* 316 B.R. 797 (Bankr.S.D.N.Y.2004).

*Waiver*

■ Trustee also argues Lottery waived any immunity by virtue of ODR's claim. In *Schulman v. California (In re Lazar)*, 237 F.3d 967 (2001), the court discussed the extent to which a state waives its immunity by filing a proof of claim in bankruptcy, as established in *Gardner v. New Jersey*, 329 U.S. 565, 67 S.Ct. 467, 91 L.Ed. 504 (1947). The *Lazar* court held that "when a state or an 'arm of the state' files a proof of claim in a bankruptcy proceeding, the state waives its Eleventh Amendment immunity with regard to the bankruptcy estate's claims that arise from the same transaction or occurrence as the state's claim." *Id.* at 978.[9] A "logical relationship" test (the same as FRCP 13(a)'s test for compulsory counterclaims) was adopted to see if the "same transaction" requirement was met. *Id.* at 979.

> A logical relationship exists when the counterclaim arises from the same aggregate set of operative facts as the initial claim, in that the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights otherwise dormant in the defendant.

*Id.* (quoting *Pinkstaff v. U.S. (In re Pinkstaff)*, 974 F.2d 113, 115 (9th Cir.1992)); *Montana v. Goldin (In re Pegasus Gold Corp.)*, 394 F.3d 1189 (9th Cir.2005).

Trustee, citing *Wyoming Dept. of Transportation v. Straight (In re Straight)*, 143 F.3d 1387 (10th Cir.1998),[10] contends the "same transaction" test is met because ODR's claim for 1999 personal income taxes and the antecedent debt paid by debtor which forms the basis of Trustee's preference suit,[11] both arise from the operation of debtor's business in 1999. Assuming, for argument's sake, that debtor's personal income taxes arose from the operation of her business,[12] a "same transaction" rule based on mere connection to the debtor's business, would pierce the immunity defense for basically any non-consumer claim. This court does not believe the "same transaction" test can stretch that far.

---

**9.** The Bankruptcy Code section encompassing this type of waiver is § 106(b) which provides:

> A governmental unit that has filed a proof of claim in the case is deemed to have waived sovereign immunity with respect to a claim against such governmental unit that is property of the estate and that arose out of the same transaction or occurrence out of which the claim of such governmental unit arose.

> The Ninth Circuit Court of Appeals, although opining that § 106(b) is a codification of the *Gardner* waiver rule, has nevertheless refrained from passing on its constitutionality, instead relying on *Gardner*. *California Franchise Tax Board v. Jackson, (In Re Jackson)*, 184 F.3d 1046 (9th Cir.1999).

**10.** In *Straight*, the court held the state's claims for unemployment taxes and worker's compensation premiums and debtor's violation of stay claim for decertifying debtor as a

disadvantaged business enterprise, arose out of the same transaction because they were directly related to the operation of debtor's business.

**11.** Gerold Floyd's affidavit submitted in support of Lottery's motion indicates the debtor was president of a corporation named Ulan Enterprises, Inc., which had contracted with Lottery to sell lottery games, retain a percentage of the proceeds as a commission, and remit the balance to Lottery. In November, 1999, Lottery terminated this contract. At that time Ulan owed Lottery approximately $14,661.00. In March, 2001, Ulan, Debtor and Lottery settled this debt. Pursuant to the settlement agreement, Debtor paid Lottery $10,000, which Trustee now seeks to recover as a preference.

**12.** Trustee has adduced no evidence to make this connection.

Here, it has not been shown that debtor's payment of $10,000.00 to settle Lottery's claim based on the sales of lottery games, and debtor's liability for personal income tax, share the same "operative facts" so as to have a logical relationship. This conclusion is supported by the *Lazar* court's ruling that the state's claims there (which were *not* based on underground storage tank fees for which the trustee in his suit sought reimbursements, yet were still related to the debtor's business including claims attributable to use, fuel, sales, and local taxes), were *not* logically related to the trustee's claims. *Id.* at 979. This court concludes that there has been no waiver under the "same transaction" test by virtue of ODR's claim.[13]

*Main Case–Objection to Claim:*

§ *502(d):*

■ Trustee in the main case has raised § 502(d) as a defense to ODR's claim. That section provides in pertinent part as follows:

> Notwithstanding subsections (a) and (b) of this section, the court shall disallow any claim of any entity from which property is recoverable under section . . . 550 . . . of this title or that is a transferee of a transfer avoidable under section . . . 547 . . . of this title, unless

such entity or transferee has paid the amount, or turned over any such property, for which such entity or transferee is liable under section . . . 550 . . . of this title.

ODR has asserted sovereign immunity as a defense to Trustee's objection. In turn, Trustee argues immunity has been abrogated, waived and/or the "in rem" exclusion applies.

As to abrogation, § 106(a) (although incorporating § 502(d) in its scope), as discussed above, is unconstitutional as applied to ODR. As such, immunity has not been abrogated.

As to the "in rem" exclusion, ODR argues that applying § 502(d) is simply a back-door way of litigating a positive claim against Lottery after dismissal of the preference adversary. The court disagrees. Section 502(d) does not purport to give Trustee an affirmative claim. It merely provides for disallowance of ODR's claim if the State of Oregon [through Lottery] received an avoidable transfer. The State can extricate itself from disallowance by paying the bankruptcy estate the value of the avoided transfer.

■ Section 502(d) is, in essence, an affirmative defense to a claim, *El Paso City of Texas v. America West Airlines,*

---

13. Lottery, at least in its written submissions, has also asked for dismissal based on failure to state a claim under FRCP 12(b)(6), arguing it was a not a "creditor" of debtor, but rather of debtor's corporation, there was no payment on an "antecedent debt," and alternatively, the funds paid were not debtor's, but rather held in trust for Lottery. As support, it has adduced the above noted affidavit of Gerold Floyd.

Lottery's FRCP 12(b)(6) motion will be denied. The complaint adequately states a preference claim under § 547. Unlike the jurisdictional issues discussed above, for purposes of a motion to dismiss under Rule 12(b)(6), the court does not look outside the pleadings, *Hal Roach Studios, Inc. v. Richard Feiner and*

*Co. Inc.,* 896 F.2d 1542, 1555, n. 19 (9th Cir.1990), and assumes the truth of all wellpled facts. *North Slope Borough v. Rogstad (In re Rogstad),* 126 F.3d 1224, 1228 (9th Cir.1997) (citations omitted). Mr. Floyd's affidavit, *for purposes of the Rule 12(b)(6) motion,* has not been considered or relied upon, thus, Lottery's motion has not been converted into one for summary judgment under FRCP 12(b). *Anderson v. Angelone,* 86 F.3d 932, 934 (9th Cir.1996); *see, also, Safe Air For Everyone v. Meyer,* 373 F.3d 1035 (9th Cir. 2004) (court may review evidence beyond the complaint involving an attack on jurisdiction without turning the motion into one for summary judgment).

*Inc., (In re America West Airlines Inc.),* 217 F.3d 1161 (9th Cir.2000); *Parker North American Corp. v. Resolution Trust Corp. (In re Parker North American Corp.),* 24 F.3d 1145 (9th Cir.1994), and can be maintained even when the statute of limitations on the underlying avoidance action has run. *America West, supra.* It is part of the claims process, which is an "in rem" proceeding that does not offend a state's sovereignty. *PUC of California, supra.*[14]

■ Even if the "in rem" exception does not apply to § 502(d), waiver does. It is well settled that a state waives immunity when it files a proof of claim, with respect to adjudication of the proof of claim. *State Board of Equalization v. Harleston, (In re Harleston),* 331 F.3d 699 (9th Cir.2003). "Adjudication of the claim" necessarily includes adjudication of defense/objections to the claim, including a § 502(d) affirmative defense.

The *Gardner* court, in deciding that bankruptcy jurisdiction existed to determine the amount of a state's claim and the priority of its lien, stated:

> When a State files a proof of claim in the reorganization court, it is using a traditional method of collecting a debt. . . .
>
> It is traditional bankruptcy law that he who invokes the aid of the bankruptcy court by offering a proof of claim and demanding its allowance must abide the consequences of that procedure. If the claimant is a State, the procedure of proof and allowance is not transmuted into a suit against the State because the court entertains objections to the claim. The State is seeking something from the

debtor. No judgment is sought against the State. The whole process of proof, allowance, and distribution is, shortly speaking, an adjudication of interests claimed in a res. It is none the less such because the claim is rejected in toto, reduced in part, given a priority inferior to that claimed, or satisfied in some way other than payment in cash. When the State becomes the actor and files a claim against the fund, it waives any immunity which it otherwise might have had respecting the adjudication of the claim.

*Gardner,* 329 U.S. at 573–74, 67 S.Ct. at 471–72 (internal citations omitted).

*Setoff:*

■ Trustee has also raised "setoff" as a defense to ODR's claim. Again, ODR has defended on sovereign immunity grounds, and Trustee has raised the "in rem" exclusion and "waiver".

"Setoff" has been likened in some contexts to an affirmative action, and not a defense. *Gibson v. U.S. (In re Gibson),* 176 B.R. 910 (Bankr.D.Or.1994)(statute of limitations applies to claim asserted by "setoff"). On the other hand, a "setoff" which simply goes to reduce a claim, has been held to be a "defense" to payment, *see, e.g., In re Silver Eagle Co.,* 262 B.R. 534 (Bankr.D.Or.2001); *see also, Jobin v. Arnot (In re M & L Business Machine Co.),* 178 B.R. 270 (Bankr.D.Colo.1995) (setoff is an affirmative defense, so long as no affirmative recovery is sought), and as such would appear to be part of the "in rem" claims adjudication process.

"Waiver" of immunity has also been raised by Trustee in the "setoff" context.

---

**14.** The Supreme Court, in *Hood,* cited *Gardner* (which dealt with the consequences of a state filing a proof of claim), with approval as an example of an "in rem" type matter. *Hood,* 541 U.S. at ——, 124 S.Ct. at 1912

(2004). Although technically a "waiver" case, *Gardner* noted that claims adjudication is "an adjudication of interests claimed in a res." *Id.* 329 U.S. at 574, 67 S.Ct. at 472 (emphasis added).

The waiver involves claims that *don't* arise from the "same transaction" as the state's. The argument is that by filing a proof of claim, a state waives immunity as to any claim a trustee has (regardless of whether it arises from the same transaction) but such claim may only be used to setoff against the state's claim [15] up to the amount of that claim,[16] (i.e. no positive recovery is permitted).[17] The majority rule appears to uphold this limited waiver. *Ossen, supra;*[18] *Zayler v. Dept. of Agriculture (In re Supreme Beef Processors, Inc.)*, 391 F.3d 629 (5th Cir.2004); *In re Microage Corp.*, 288 B.R. 842 (Bankr. D.Ariz.2003). This court will follow the majority rule because the rule does not expose the state to positive recovery by Trustee, but merely allows the state's claim to be reduced.

*Conclusion:*

Based upon the foregoing, the State of Oregon, State Lottery Commission's Motion to Dismiss this adversary proceeding should be granted, further proceedings should be had with respect to the trustee's objection to the Oregon Department of Revenue's proof of claim. An order consistent herewith shall be entered.

The above constitute the court's findings of fact and conclusions of law pursuant to FRBP 7052. They shall not be separately stated.

---

**15.** Lottery and ODR do not defend on the basis that they are different creditors/governmental units, as the Ninth Circuit follows the "unitary creditor" theory. *Doe v. U.S.*, 58 F.3d 494 (9th Cir.1995).

**16.** Here, ODR's claim exceeds Trustee's preference claim.

**17.** At least one court, *Ossen v. Dept. of Social Services (In re Charter Oak Associates)*, 361 F.3d 760 (2nd Cir.2004) has opined that this form of limited waiver has been codified in § 106(c), and that section is constitutional. Section 106(c) provides:

Notwithstanding any assertion of sovereign immunity by a governmental unit, there shall be offset against a claim or interest of a governmental unit any claim against such governmental unit that is property of the estate.

**18.** The court in *Ossen* stated that the Fourth Circuit, in *Schlossberg v. Maryland (In Re Creative Goldsmiths of Washington, D.C., Inc.)*, 119 F.3d 1140 (4th Cir.1997) only allowed waiver as to compulsory counterclaims. However, in fact, the *Schlossberg* court expressly left open the issue of waiver as to setoffs. *Id.* at 1149–50. In the Ninth Circuit, the court in *Goldin, supra*, was not presented with any "setoff" or § 106(c) issues.